THE STATE OF OHIO, APPELLEE, *v.* COLLINS, APPELLANT.

(No. 7575—Decided November 17, 1952.)

*Mr. C. Watson Hover* and *Mr. Henry C. Schoettmer,* for appellee.

*Mr. Thomas C. Spraul,* for appellant.

HILDEBRANT, P. J.   Defendant appeals from his conviction by a jury of shooting with intent to wound. He complains of the charge of the court on his plea of self-defense, which charge reads, in part, "if the evidence favorable to the plea of self-defense preponderates, then you *may* find the defendant had the right to resort to self-defense.   But if the defendant failed to prove he had the right to self-defense, then you *must* not consider the defense of self-defense."

Defendant requested the court to change the word, "may," appearing in the first sentence to "must," or, in the alternative to change "must" to "may" in the

last sentence of the quoted portion of the charge. The court refused the request.

Judicial recognition of the distinction in connotation between the words, may and must, the former being permissive, the latter mandatory, requires no citation.

If the evidence favorable to the plea of self-defense preponderates, then it becomes mandatory upon the jury to find that the defendant had the right to resort to self-defense.

It, therefore, appears that the word, "must," connoting the mandatory duty should have been used in that portion of the quoted charge wherein the word, "may," appears.

While the constitutional phrase, "due process," eludes exact definition, it would seem to require in a criminal case, where the liberty of a defendant is at stake, accuracy, clearness, and certainty in the charge of the court to the jury.

We, therefore, find that it was error, prejudicial to the defendant, for the court to refuse to make the charge mandatory, as requested by the defendant.

We find no other error, prejudicial to defendant.

The judgment is reversed, and the cause is remanded for a new trial.

*Judgment reversed.*

MATTHEWS, J., concurs.