**Carl Eugene VALENTINE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17707.**

United States Court of Appeals
Fifth Circuit.

Dec. 15, 1959.

Charles W. Tessmer, Dallas, Tex., for appellant.

Minor Morgan, Asst. U. S. Atty., Dallas, Tex., W. B. West, III, U. S. Atty., Fort Worth, Tex., for appellee.

Before CAMERON, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant was convicted and given a three-year sentence for a violation of the Mann Act, 18 U.S.C.A. § 2421. There were three persons engaged in the interstate expedition, the appellant and two women. The indictment charged the transportation of one of the women for the prohibited purpose. The defense was that the dominant purpose of the interstate movement was for accommodation

and not for the immoral purpose. Such a defense is valid when proved. Mortensen v. United States, 322 U.S. 369, 64 S. Ct. 1037, 88 L.Ed. 1331. Hawkins v. United States, 358 U.S. 74, 79 S.Ct. 136, 3 L.Ed.2d 125.

■ The testimony of the woman named in the indictment sustained the Government's position that prostitution rather than accommodation was the purpose of the transportation. The other woman, called by the defense, testified otherwise. The Government called an F.B.I. agent who testified that this defense witness had made prior unsworn statements relating to the purpose of the transportation which were much different from her sworn testimony at the trial. At the time the testimony of the F.B.I. agent was given the appellant requested that the jury be instructed that the testimony was not evidence of the truth of the extra-judicial statement but that it should be considered only to impeach or discredit the witness. The court declined to give the charge. After the jury had been deliberating for about two hours, they returned to the court room and requested that the testimony of the F.B.I. agent be read. It was read back by the reporter. The appellant objected, saying that the testimony was hearsay and the jury had not been instructed that it had been admitted only for a limited purpose. The refusal of the court to instruct the jury as to the effect to be given to the testimony of the F.B.I. agent is assigned as error.

■ The position of the appellant is sound and must be sustained. The testimony would have been inadmissible as hearsay except for the purpose of impeachment. It is the duty of the court, when so requested, to instruct the jury as to the limited purpose for which the impeaching evidence is admitted and advise the jury as to the extent to which the evidence may be considered. Slade v. United States, 5 Cir., 1959, 267 F.2d 834. And see Bridges v. Wixon, 326 U. S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103; Hickory v. United States, 151 U.S. 303, 14 S.Ct. 334, 38 L.Ed. 170; Dowell v.

Jowers, 5 Cir., 1948, 166 F.2d 214, 2 A.L. R.2d 442, certiorari denied 334 U.S. 832, 68 S.Ct. 1346, 92 L.Ed. 1759; New York Life Ins. Co. v. Bacalis, 5 Cir., 1938, 94 F.2d 200; 1 Wharton's Criminal Evidence 592, § 258; 3 Wigmore on Evidence, 687 et seq. § 1018. We are unable to say that the error in admitting the impeaching testimony, without the instruction limiting the purpose for which it was received, was harmless.

■■ In instructing the jury on the necessity of finding that the dominant purpose of the transportation was unlawful in order to convict, the court charged that if the jury should find that the dominant purpose of the transportation was for accommodation only and not for the purpose of prostitution, "or if you should have a reasonable doubt of this, then you might acquit the defendant." In giving this instruction the court stated it was being given at the request of the appellant. It appears though that the requested instruction used the mandatory phrase, "You shall acquit the defendant." The appellant excepted to the use of the permissive "may" rather than the mandatory "shall," and urges that the instruction given left it to the discretion of the jury to convict or acquit in the event that a reasonable doubt existed in the minds of the jurors on the issue of dominant purpose. The Government insists that the instruction as a whole was proper and that no juror would seize upon the word "may" in order to convict notwithstanding a reasonable doubt. We are unable to adopt the Government's view. Too fundamental to require the citation of authority are the propositions that an accused is presumed to be innocent until his guilt is established, and that he shall not be convicted unless guilt is established beyond a reasonable doubt. No room should be left by the court's instruction that would permit the jury to exercise a discretion to convict if a reasonable doubt as to guilt existed. The word "may" has been construed as meaning "shall" or "must" in various situations. 26A Words and Phrases, May, p. 386 et seq. It is ordinarily used as im-

plying permission or discretion and not in a mandatory sense. Filtrol Corp. v. Loose, 10 Cir., 1953, 209 F.2d 10. The substitution of "may" for "shall" in the instruction was, we conclude, error. State v. Collins, 94 Ohio App. 401, 115 N.E.2d 844. Since there is to be a reversal on another ground we need not consider whether this error would, of itself, be regarded as prejudicial.

Other specifications of error are made. These relate to matters not likely to recur on a new trial and need not be discussed. In order that there may be a new trial the judgment of the district court is reversed and the cause is remanded.

Reversed and remanded.