**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Max COHEN and Seymour Jacobson,**
**Defendants-Appellants.**

**No. 27559**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Oct. 30, 1969.

Max Cohen, pro se George D. Gold, Miami, Fla., for Max Cohen.

Richard M. Gale, Ronald L. Davis, Demos & Davis, Miami, Fla., for Seymour Jacobson.

William A. Meadows, Jr., U. S. Atty., William A. Daniel, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

■ Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

Appellants Cohen and Jacobson along with Harvey Goodman were indicted for conspiring to receive, conceal, sell, and dispose of stolen property having a value in excess of $5,000 in violation of Title 18 U.S.C.A. § 2315. The property in question was a drawing known as "The Death of Jacob" by Rembrandt. It was transported from Montreal, Canada where it was stolen from a museum to Bay Harbor Island, Florida. They were also indicted in a substantive count for violating the same statute through the same activity.

Cohen and Jacobson were tried jointly. Cohen was convicted on both counts; Jacobson only on the conspiracy count. This appeal followed. They assert four common errors and, in addition, Jacobson contends that as to him the evidence was insufficient.

We eliminate the errors which urge the insufficiency of the evidence to support the charge that the drawing had a value in excess of $5,000, and that defense counsel was unduly restricted in the cross-examination of the museum conservator presented by the government. Both contentions are frivolous.

■ This leaves for decision the claim that the prosecutor made an improper closing argument with regard to the integrity and status of witnesses who were agents of the Federal Bureau of Investigation. Appellants moved for a mistrial at the time. The denial of the motion was proper. The argument was no more than a fair response to the contrary argument made by defense counsel.

The next assignment of error is based on the argument that the defendants were prejudiced by hearsay evidence introduced in rebuttal by the government. The gist of the argument is that the evidence was admissible only for purposes of impeachment and then only if a proper cautionary or limiting instruction was given to the jury with respect to the testimony.

The facts having to do with this assignment begin with the testimony of Goodman. Goodman was a longtime informant for the FBI. He testified as a witness for Cohen. The sum of his testimony was that he was working in this instance with the FBI and had solicited Cohen's help in arresting the purchasers of the stolen drawing.

In order to appreciate this testimony it must be borne in mind that appellants were arrested in the act of selling the drawing to two FBI agents posing as Mexican nationals. The transaction took place in Jacobson's apartment.

Cohen was the prime mover; Jacobson's position was that he loaned his apartment to Cohen for sundry purposes and was involved only as an innocent bystander. *Goodman was also present.*

After Goodman testified, and when it became apparent that the government intended to rebut or contradict his testimony, defense counsel suggested to the court that the testimony be limited to impeachment purposes. The court made *no response and the matter of limitation was never mentioned again.* This is understandable as the rebuttal of Goodman's testimony came in the form of testimony by FBI agents that no such arrangement existed with Goodman and that Goodman, although an informant, was not acting in such a role in this particular transaction. Some of their testimony went to post-arrest inconsistent statements made by Goodman and this testimony was hearsay, admissible for impeachment purposes only. It was also, however, directed to the rebuttal of Goodman's claim that they were assisting the FBI.

Viewed as substantive evidence rather than as limited to impeachment purposes, this hearsay testimony in any event was secondary and incidental to the admissible rebuttal evidence which came in the form of the denial of the arrangement between Goodman and the FBI in the particular endeavor. Nevertheless, upon request, appellants would have been entitled under our decisions to a cautionary instruction to the jury limiting the hearsay portions of the testimony to impeachment purposes. Valentine v. United States, 5 Cir., 1959, 272 F.2d 777, 778; Slade v. United States, 5 Cir., 1959, 267 F.2d 834, 839. These cases hold that the failure to give such an instruction, when requested, would constitute reversible error.[1] Here, as noted, there was no request for such an instruction but appellants urge that regardless, the failure to give such an instruction was plain error.

■■ We approach the question by assuming error *arguendo,* and by first determining whether the error was harmless. In this determination the standard of Kotteakos v. United States, 1945, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 90 L.Ed. 1557, is to be applied. See also Ahlstedt v. United States, 5 Cir., 1963, 315 F.2d 62, 66. So tested, we conclude that the admission of the hearsay portions of the rebuttal was harmless error. It was of little, if any, weight on the issue of Goodman having an arrangement *vel non* with the FBI when arrayed against the direct denials of such an arrangement by the FBI agents who would have known of the arrangement. Cf. Brown v. United States, 8 Cir., 1960, 283 F.2d 792, 796–798, on the harmless error approach used here. Thus it is that this contention also fails.

■ With respect to Jacobson's claim that the evidence as to him was insufficient, we are of the contrary view. The transaction took place in his apartment. He telephoned the purchasers as to when to come to the apartment. He left the apartment to obtain a ruler with which the purchasers were to examine and certify the drawing. Thereafter, on the instruction of Cohen, he went with one of the purchasers, and over the objection of the purchasers, to an *automobile on the street outside the apartment* for the purpose of obtaining the purchase money. These incidents are in addition to Jacobson being present throughout the negotiations being conducted by Cohen.

Affirmed.

---

1. This Fifth Circuit doctrine will be overruled in the event the proposed rules of evidence for the district courts are adopted. This approach is on the basis of excepting such prior inconsistent statements from the hearsay rule. See Preliminary Draft of Proposed Rules of Evidence for the United States District Courts, March 1969, Rule 8–01(C) (2) (i), and annot. pp. 163–165.