UNITED STATES of America, Plaintiff-Appellee,

v.

Joseph John FISCHETTI and Donald F. Gillette, Defendants-Appellants.

No. 71–1175.

United States Court of Appeals, Fifth Circuit.

Oct. 27, 1971.

Rehearing Denied Nov. 16, 1971.

---

John F. Rudy, II, Thomas A. Wadden, Jr., Washington, D. C., for Gillette.

Frank Ragano, Raymond E. La Porte, Ragano & La Porte, Miami, Fla., for Fischetti.

Robert W. Rust U. S. Atty., Miami, Fla., Sidney M. Glazer, U. S. Dept. of Justice, Roger A. Pauley, Atty., Appellate Section, Shirley Baccus-Lobel, Crim-

inal Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

A jury convicted the appellants on a two count violation of 29 U.S.C.A. § 186(b)(1) and one count of conspiracy to violate § 186.[1] Appellants urge on appeal that the trial court erred in permitting the indictment to be substantially amended, in admitting prejudicial and hearsay evidence, and in its instructions to the jury on conspiracy. We affirm the conspiracy conviction and reverse the conviction on the two substantive counts.

The convictions rested largely upon the testimony of the witness Bellows. He was in the construction business, and, apparently experiencing some labor problems in May, 1968, entered into an agreement with the Miami Building and Trades Council obligating himself to use union labor after he completed his current building project. In January, 1969, he began to seek union bids for his next job, and finding them exorbitant, he hired non-union trades in violation of his agreement with the Council. In anticipation of a dispute with the Council he contacted appellant Fischetti and requested his assistance.

Several days later, at Fischetti's request, Bellows came to Fischetti's home and met with him and appellant Gillette, a business agent of Teamsters Local 769 and a delegate from that local to the Miami Building and Trades Council. Gillette offered to obtain the Council's copy of the Bellows agreement and return it to Bellows for $18,000. Bellows left saying he would think it over. A few days later Fischetti called Bellows and asked him to come to his home. Bellows

---

1. § 186 states in part:

(a) It shall be unlawful for any employer or association of employers or any person who acts as a labor relations expert, advisor, or consultant to an employer or who acts in the interest of an employer to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value—

(1) to any representative of any of his employees who are employed in an industry affecting commerce; or

(2) to any labor organization, or any officer or employee thereof, which represents, seeks to represent, or would admit to membership, any of the employees of such employer who are employed in an industry affecting commerce; or

(3) to any employee or group or committee of employees of such employer employed in an industry affecting commerce in excess of their normal compensation for the purpose of causing such employee or group or committee directly or indirectly to influence any other employees in the exercise of the right to organize and bargain collectively through representatives of their own choosing; or

(4) to any officer or employee of a labor organization engaged in an industry affecting commerce with intent to influence him in respect to any of his actions, decisions, or duties as a representative of employees or as such officer or employee of such labor organization.

(b)(1) It shall be unlawful for any person to request, demand, receive, or accept, or agree to receive or accept, any payment, loan, or delivery of any money or other thing of value prohibited by subsection (a) of this section.

\* \* \* \* \*

(d) Any person who willfully violates any of the provisions of this section shall, upon conviction thereof, be guilty of a misdemeanor and be subject to a fine of not more than $10,000 or to imprisonment for not more than one year, or both.

18 U.S.C.A. § 371 provides:

§ 371 provides:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

there met Fischetti and Gillette again and accepted their offer to obtain the agreement in exchange for $12,000 and to retain Fischetti at $150 per week as a labor consultant for the duration of the construction project.

The next day, February 14, 1969, Fischetti came to Bellows' office and gave him the Council's copy of the agreement. They drove to a bank together where Bellows cashed a check and gave Fischetti $12,000. Fischetti also received twenty-six weekly $150 payments terminating on August 21, 1969.

In October, 1969, Bellows was served with a subpoena to testify before the grand jury. He was then visited by Fischetti who told him to take the Fifth Amendment if called upon to testify. Bellows testified after a grant of immunity.

At trial Bellows' copy of the agreement was introduced in evidence, but the Council's copy could not be located in its files. Evidence was also introduced to the effect that delegates to the Council had access to the file which contained such agreements.

Gillette testified that while he did meet with Bellows and Fischetti, when Bellows explained his problem concerning the agreement he refused to help. He testified further that he met again with Bellows at Fischetti's home and reiterated to Bellows that he could not be of any assistance. Fischetti did not testify.

Gillette also introduced evidence through other witnesses to the effect that he had no real authority or duties within the Council. Other union and council officials testified that they had never seen the completed Bellows agreement although a blank copy had been left with Bellows for him to sign pending some advice from his lawyer.

The appellants were indicted on May 13, 1970. Count 1 of the indictment charged that Fischetti and Gillette conspired together and with Bellows to violate 29 U.S.C.A. § 186. Counts 2, 3 and 4 charged the appellants with violations of 29 U.S.C.A. § 186(b) (1) and 18 U.S.C.A. § 2.[2] Count 5 charged Fischetti with obstructing justice.

Prior to trial Count 5 was . severed from the indictment. On the day before trial the Government filed an information superseding substantive counts 2, 3 and 4 of the indictment. The offenses charged in the information were essentially the same as those charged in the indictment except that the words "unlawfully, willfully and knowingly", omitted in the indictment, were added to each count in the information. Counts 2, 3 and 4 of the indictment were dismissed and the Government's motion to consolidate count 1 of the indictment with the information was granted. The appellants were then arraigned and pled to the consolidated indictment-information but objected to the addition of the words "unlawfully, willfully and knowingly" insisting that the amendment constituted a substantial change and that they were not prepared to defend against it. The trial court refused a continuance, vacated the order granting leave to file the information, and instead permitted the original indictment to be amended to include the words "unlawfully, willfully and knowingly" in each substantive count.

The appellants were found guilty of counts 1, 3 and 4 but not guilty of count 2 of the amended original indictment.

Because we find merit in the assertion of error with respect to the amendment of the indictment we will discuss it first and then proceed with the complaint of prejudice to the appellants because of Bellows' testimony concerning the Fifth

---

2. § 2 provides:
    (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

    (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Amendment incident and finally appellants' attack on the conspiracy instruction.

### The Amendment of the Indictment

Appellants contend that the amendment to the indictment effected a substantial change in the nature of the offenses charged, the authorization of which exceeds the trial court's power to allow an amendment to an indictment except in matters of form. We agree.

An indictment is required to set forth the elements of the offense sought to be charged, United States v. Debrow, 1953, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92; United States v. Auerbach, 5 Cir. 1969, 420 F.2d 921, 923, cert. denied, 1970, 399 U.S. 905, 90 S.Ct. 2195, 26 L.Ed.2d 560; Fed.R. Crim.P. 7(c), in order to sufficiently apprise the defendant of the charge he must be prepared to meet and to prevent him from being charged with the same crime in the future. If, therefore, an amendment goes to an essential element of the crime, it is a substantial change and cannot be made except by resubmission to the grand jury, Russell v. United States, 1962, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240.

When the original indictment was returned in this case, the substantive counts did not allege that the appellants had "willfully" violated the statute. Willfulness is specifically set out in the statute *sub judice*. It is thus an essential element of the offense and such statutory requirement cannot be ignored. United States v. Salliey, 4 Cir. 1966, 360 F.2d 699, 701. Cf. Standard Oil Co. of Texas v. United States, 5 Cir. 1962, 307 F.2d 120; Pullen v. United States, 5 Cir. 1947, 164 F.2d 756 (en banc). It must be alleged and proven in order to obtain a conviction. United States v. Inciso, 7 Cir. 1961, 292 F.2d 374, 380, cert. denied, 1961, 368 U.S. 920, 82 S.Ct. 241, 7 L.Ed.2d 135; United States v. Motzell, D.N.J.1961, 199 F. Supp. 192. It is clear that the amendment here was impermissible.[3]

The Government contends that even though willfulness was a necessary element and not alleged in the original indictment, it was implied. It argues that the original indictment was sufficient in this respect and that the amendment did not substantially alter the indictment. We disagree. This essential element cannot be implied from a reasonable reading of the language of the indictment. *See* United States v. Beard, 3 Cir. 1969, 414 F.2d 1014; Walker v. United States, 5 Cir. 1965, 342 F.2d 22, cert. denied, 1965, 382 U.S. 859, 86 S.Ct. 117, 15 L.Ed.2d 97. *See also* United States v. Coleman, 5 Cir. 1971, 449 F.2d 772.

The Government further asserts that because the substantive counts charged misdemeanors, it could have originally proceeded by information against the appellants. With leave of court an amendment to an information is permissible. Thus, it argues, that the amendments to the indictment were also proper. While it is true that the crimes alleged in counts 2, 3 and 4 are misdemeanors, the Government chose to present the case to the grand jury and secure an indictment. Having so elected, it is bound by the principles governing indictments. United States v. Lippi, D.Del.1961, 193 F.Supp. 441, 443.[4] We therefore reverse the convictions of both appellants on counts 3 and 4.

---

3. *But see* United States v. Ryan, 1956, 350 U.S. 299, 305, 76 S.Ct. 400, 100 L.Ed. 335; International Longshoremen's Ass'n, A.F.L.–C.I.O. v. Seatrain Lines, Inc., 2 Cir. 1964, 326 F.2d 916, 919; and United States v. Ryan, 2 Cir. 1956, 232 F.2d 481, 483 (on remand) which implies that *mens rea* is not a necessary element of 29 U.S. C.A. § 186.

4. Although the issue was not raised the Supreme Court in Russell v. United States, *supra*, found that the indictment, which charged a misdemeanor, was infirm because it was amended in a matter of substance.

## Sufficiency of the Conspiracy Count

■ Appellants attacked the sufficiency of the conspiracy count for the first time on oral argument. First, they contended that the conspiracy count was insufficient because it made reference only to the number of the statute they were alleged to have conspired to violate. They argue that 29 U.S.C.A. § 186 contains several prohibitions, and therefore, they should have been apprised of exactly which provision of the statute they were charged with having conspired to violate. Since this point was not preserved at trial, and is not a jurisdictional defect, see, e. g., Walker v. United States, supra, 342 F.2d at 26, the asserted error is not properly before this Court. United States v. Trollinger, 5 Cir. 1969, 415 F.2d 527, 528; United States v. Ellington, 5 Cir. 1969, 406 F.2d 348; Fed.R.Crim.P. 12(b) (2); Wright, Federal Practice and Procedure § 193 (1969).

Secondly, appellants contended that the conspiracy count alleged the object of the conspiracy in the same language which was used in the substantive counts, and, since the latter are defective because of the omitted essential element of willfulness, the conspiracy count is likewise defective. While we must consider this claimed error even though no objection was made in the court below, Walker v. United States, supra, we find it without merit.

■ The essential elements of a conspiracy are an agreement by two or more persons to combine efforts for an illegal purpose and an overt act by one of the members in furtherance of the agreement. Roberts v. United States, 5 Cir. 1969, 416 F.2d 1216, 1220. In a conspiracy count the conspiracy is the gist of the offense and it is not necessary that the object of the conspiracy be described in the detail necessary in an indictment for the substantive offense itself. See Wong Tai v. United States, 1927, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; Walker v. United States, supra, 342 F.2d at 25; Lott v. United States, 5 Cir. 1962, 309 F.2d 115, 120, cert. denied, 1963, 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 498; Beitel v. United States, 5 Cir. 1962, 306 F.2d 665, 670; Schnautz v. United States, 5 Cir. 1959, 263 F.2d 525, 530, cert. denied, 1959, 360 U.S. 910, 79 S.Ct. 1294, 3 L.Ed.2d 1260. Every element of the substantive offense need not be alleged within the conspiracy count. United States v. Knox Coal Co., 3 Cir. 1965, 347 F.2d 33, 38, cert. denied, 1965, Lippi v. United States, 382 U.S. 904, 86 S.Ct. 239, 15 L.Ed.2d 157.[5] The conspiracy count here sufficiently alleges the essential elements and is, therefore, not infirm.

## Bellows' Fifth Amendment Testimony

Both appellants insist that it was error to permit witness Bellows to testify that in October, 1969, Fischetti told him to take the Fifth Amendment if Bellows was called as a witness before the grand jury. Fischetti argues that the statement was prejudicial to him and Gillette argues that it was inadmissible hearsay.

■ We agree that this testimony is prejudicial to Fischetti. This does not, however, make it inadmissible with respect to him, for it is clear that in this instance evidence of other criminal acts of Fischetti, whether he is prosecuted for them or not, is admissible if it shows that the acts were committed with the intent of avoiding punishment for the present crime. See McCormack, Evidence § 157 (1954); Wright, supra § 410.

With respect to Gillette, the trial court admitted Bellows' testimony on the ground that it wasn't clear when the conspiracy ended and on the further ground that it was an attempt to conceal the conspiracy.

---

5. But see Nelson v. United States, 10 Cir. 1969, 406 F.2d 1136. Although Nelson cites Wilkins v. United States, 5 Cir. 1967, 376 F.2d 552, 562, cert. denied, 1967, 389 U.S. 964, 88 S.Ct. 342, 19 L.Ed.2d 379, we consider Wilkins inapposite on the facts.

An out of court statement by a co-conspirator is admissible against the other conspirators if it is made in furtherance of the conspiracy. Dutton v. Evans, 1970, 400 U.S. 74, 81, 91 S.Ct. 210, 27 L.Ed.2d 213. The statement, however, becomes inadmissible if it was made after the conspiracy has ended for then it can no longer be said to have been made in furtherance of the conspiracy. Krulewitch v. United States, 1948, 336 U.S. 440, 442, 69 S.Ct. 716, 93 L.Ed. 790. Here the conspiracy was complete. The last payment made to Fischetti was in August, 1969, and this was the last act of any significance in connection with the conspiracy notwithstanding the fact that the indictment alleged that the conspiracy continued up until December, 1969. Furthermore, we agree with Gillette that the Court's instruction concerning Bellows' testimony was insufficient to cure the error.[6] See Delli Paoli v. United States, 1957, 352 U.S. 232, 237, 77 S.Ct. 294, 1 L.Ed.2d 278. It was also error to admit the statement on the basis that it was made to conceal the conspiracy. See Krulewitch v. United States, *supra,* 336 U.S. at 443, 69 S.Ct. 716.

Even though error was committed it was harmless. Since the error was not of constitutional dimension, Dutton v. Evans, *supra,* 400 U.S. at 82, 91 S.Ct. at 216, the standard to be applied tests the effect of the testimony on the jury.

If, when all is said and done, the conviction [court] is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand, except perhaps where the departure is from a constitutional norm or a specific command of Congress [citations omitted]. But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judg-

ment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected.

Kotteakos v. United States, 1946, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557; See also United States v. Cohen, 5 Cir. 1969, 418 F.2d 68, 70. A careful consideration of the entire record in this case convinces us that the judgment of the jury was not swayed or influenced by the admission of this testimony and that the error is harmless. See Lutwak v. United States, 1953, 344 U.S. 604, 619, 73 S.Ct. 481, 97 L.Ed. 593.

### The Conspiracy Charge

Fischetti urges that the instructions to the jury on conspiracy were erroneous because they were ambiguous. The portion of the charge questioned states:

What the evidence in the case must show beyond a reasonable doubt, in order to establish proof that a conspiracy existed, is that the defendants and/or other persons, in some way or manner, or through some contrivance, expressly or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.

Fischetti argues that because of the "and/or" the jury could have found the defendants guilty even though other persons, not the defendants, came to a mutual understanding. We disagree. The jury was instructed that they must find that a conspiracy was in fact formed. The appellants did not have to originally form the conspiracy in order to later join the conspiracy and be convicted for their complicity in it.

Fischetti also complains that in several portions of the charge the judge referred to "either" of the defendants, and that this allowed the jury to convict even if neither participated in the conspiracy. This is a strained construction

---

6. When Fischetti's attorney objected to the admission of some documentary evidence (an incident unrelated to the statement in question here) and again in the general charge, the court instructed the jury that

statements of a co-conspirator are not admissible against the other conspirator if they are made after the termination of the conspiracy.

to say the least. By the use of the term "either," the court simply told the jury that they could find either one of the defendants or both of them guilty of the charges. The instruction is clear and correct.

The appellant Gillette contends that the evidence was not sufficient to convict him on counts 3 and 4 because the Government failed to prove that he had any duties as a labor official in the Miami Building and Trades Council. Because, as we have indicated, the conviction on these two counts must be reversed, we pretermit discussion of this issue.

The judgment of the district court is affirmed as to counts 1 and reversed as to counts 3 and 4.

Affirmed in part, reversed in part and remanded for further proceedings not inconsistent with this opinion.