**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Otis James HELMS, Defendant-Appellant.**
**No. 72–2489**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1972.

---

7. See Bershad, supra, 428 F.2d at 698.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Ronald Aultman, Frank Coffey, Fort Worth, Tex., for defendant-appellant.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

From his conviction and sentence for violation of Title 18, United States Code, Section 2314, for causing a falsely made and forged bank draft to be transported in interstate commerce from Fort Worth, Texas to Boston, Massachusetts, Otis James Helms appeals. He asserts a single ground for reversal: That the district court improperly charged the jury on the appellant's theory of defense when it stated "the defendant's theory is that these are not pictures of him, that they could be of somebody who looked just like him."

The pictures referred to were pictures taken automatically at the store counter where someone, charged to be the defendant, cashed the forged bank draft. The appellant sought by cross-examination of the government witnesses to demonstrate that the subject of the pictures was not in fact he, in that the pictures did not depict certain facial characteristics such as a scar or a small mole. The quoted language was given in connection with the trial court's statement that the defendant relied on an alibi and that he "offered evidence from his brother that he was in Hillsboro during a period of time beginning in the middle of December, 1970, through the middle of February, 1971, and that during that time he occupied part of his time sitting with his mother who was sick and fishing a part of the time." Neither this nor any other claimed defect in the court's charge was objected to by defense counsel, as required by Rule 30, F.R.Crim.P., so that our consideration of the charge is limited by the "plain error" provision of Rule 52(b), F.R.Crim.P.

The defendant's contention on trial certainly was of necessity that the pictures were of someone who looked like him, since the pictures were in evidence and the jury could make its own comparison. The objection appears to boil down to the inclusion of the word "just", that is "somebody who looked *just* like him".

If the charge did indeed erroneously state the defendant's defense before the jury, it was incumbent upon his counsel to bring this to the trial court's attention at a time when the statement was susceptible of correction. The court's charge, although oral, was in all other respects almost a model of both clarity and fairness. We do not find plain error demonstrated. See Pine v. United States, 5 Cir. 1943, 135 F.2d 353, 355, cert. denied 320 U.S. 740, 64 S.Ct. 40, 88 L.Ed. 439.

The judgment appealed from is

Affirmed.