**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Anthony JAMES, Defendant-**
**Appellant.**

No. 74–2435

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 1975.

Rehearing and Rehearing En Banc
Denied Feb. 6, 1975.

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Daniel S. Pearson, Miami, Fla., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., John Milton Turner, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, circuit Judges.

AINSWORTH, Circuit Judge:

Appellant, Robert Anthony James, was convicted on a four-count indictment for violations of the Mann Act, 18 U.S.C. §§ 2421, 2422, which proscribes knowingly inducing, enticing, and coercing women to travel in interstate commerce for the purpose of engaging in prostitution. In this appeal appellant alleges his counsel was ineffective because of a conflict of interest allegedly resulting from counsel's prior representation of a Government witness; that the court erred in not giving certain instructions; and that there was insufficient evidence to sustain the conviction on Count II of the indictment. A review of these alleged errors reveals no basis for reversal, and we therefore affirm.

Testimony at trial revealed that appellant was a pimp. In 1973, he sent Shirley Ann Newton from Atlanta to New Orleans during Mardi Gras to engage in prostitution with orders to earn $1,000. When she, at appellant's direction, returned to Atlanta with only $600, appellant beat Shirley Ann Newton, and she engaged in further acts of prostitution in Atlanta in an attempt to make the $1,000. Subsequently, Shirley Ann

Newton was forced to go from Atlanta to San Francisco to engage in prostitution for James. Appellant was also charged with coercing Sherry Dean Hill to go from Atlanta to Las Vegas for purposes of prostitution. In his brief, appellant admits the sufficiency of the evidence for all the interstate trips except that one from New Orleans back to Atlanta, Count II of the indictment.

■ Appellant's trial counsel, John Rogers, had previously defended Shirley Ann Newton on various prostitution charges in state courts. It appears that Rogers' representation of Shirley Ann Newton was often at the direction of appellant. Appellant now alleges this led to a conflict of interest between counsel's obligation to appellant and his obligations to a former client, a conflict of interest which is claimed to have impaired cross-examination. Appellant also alleges the court should have held a hearing on this matter. The fact of Rogers' prior representation of Shirley Ann Newton on unrelated state charges was brought to the court's attention, and of course was well known to appellant himself. No specific showing of prejudice has been made. Indeed, appellant likely thought he had an advantage in having counsel with complete knowledge of Shirley Ann Newton's previous history. In situations such as this where the client was aware of the previous relationship, we have denied such claims in the absence of a clear showing of prejudice. Harrison v. United States, 5 Cir., 1968, 387 F.2d 614, 615. We previously noted in a similar situation that "[a]ppellant cannot now, after knowingly completing the trial with such counsel, urge that he was prejudiced." Nelson v. United States, 5 Cir., 1969, 415 F.2d 483, 487–488, cert. denied, 396 U.S. 1060, 90 S.Ct. 751, 24 L.Ed.2d 754 (1970).

■ Appellant next alleges he was entitled to a mistrial or an instruction regarding statements made by the prosecutor in closing argument. The state-

ments were initially objected to, but there was no request for a mistrial or an instruction. The objected to statement is as follows:

MR. TURNER: You have heard from Shirley Ann Newton that she was a victim of two things in dealing with this defendant: One is his charm, because it was this defendant's charm which initially caused her to enter into prostitution for him. I think that charm can be observed by all of you here, and that you saw other women sitting on the stand, women who, having dealt with this defendant, haven't seen him for over a year, women who refused to testify, women who changed their testimony before the grand jury, just sitting here in the presence of this man.

MR. ROGERS: Now, Your Honor, at this time I hate to object, but—

THE COURT: What was the statement?

MR. ROGERS: He's getting awful close to a motion in that he says they have changed their testimony. There is no evidence in this case of any change of testimony, Your Honor.

THE COURT: I don't believe there is any evidence of that.

MR. TURNER: I'm sorry, Your Honor.

Viewing the record as a whole, including those portions of the prosecutor's argument to which objection is made, in the context of a hotly contested trial, we are convinced no reversible error was committed. The prejudicial effect, if any, of the alleged improper argument appears to be slight while the evidence of guilt is overwhelming. Even if the argument was improper, it constituted no more than harmless error. United States v. Rhoden, 5 Cir., 1972, 453 F.2d 598, 600.

■ Appellant claims next that he was entitled to an instruction on the limited use of impeachment evidence

used by the prosecutor. No such instruction was properly requested by trial counsel, and thus a plain error holding would be essential to a decision to reverse. Fed.R.Crim.P. 52(b). While we have noted the desirability of instructing juries as to the limited purposes for which impeachment evidence is admitted, *e. g.*, Slade v. United States, 5 Cir., 1959, 267 F.2d 834, we have not held that the failure to give an instruction *sua sponte* automatically results in reversible error. *See* Valentine v. United States, 5 Cir., 1959, 272 F.2d 777, 778. We decline to do so now. Rather, we note that the impeachment complained of related to the testimony of witnesses whose testimony, at best, would have been cumulative. A damning case had already been presented by the Government. Under the facts and circumstances of this case, the lack of an instruction was not so critical as to affect the substantial rights of the appellant. *See* United States v. Helms, 5 Cir., 1972, 467 F.2d 1085.

Finally, appellant argues there was insufficient evidence on Count II of the indictment, concerning the trip from New Orleans back to Atlanta. Appellant argues that Shirley Ann Newton's trip from Atlanta to New Orleans and back to Atlanta constitutes only one, and not two, violations of the Mann Act. Since there was no motion for a judgment of acquittal at the close of the Government's case, we will not review the sufficiency of the evidence save to determine whether a manifest miscarriage of justice has occurred. United States v. Frugé, 5 Cir., 1974, 495 F.2d 557, 558, and cases there cited. No such miscarriage of justice resulted here, in that the evidence of guilt was overwhelming. Moreover, the district court could have given James a consecutive sentence based on either Count III or Count IV, rather than using Count II as the basis for a consecutive sentence.

Affirmed.