UNITED STATES of America

v.

Louie A. ROBINSON.

Crim. No. J92–00098(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 29, 1993.

Jack B. Lacy, Jr., U.S. Attorney's Office, Jackson, MS, for U.S.

James Knight, Jackson, MS, for Robinson.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court upon Defendant's Motion to Dismiss Indictment for Failure to State an offense and for Vagueness and Indefiniteness, Defendant's Motion to Dismiss Indictment for Failure to Return Indictment Within Statutory Limitations Period and Defendant's Motion to Suppress. The Court, having conducted a hearing and considered the motions and responses together with supporting memoranda, finds that Defendant's Motion to Dismiss Indictment for Failure to State an Offense should be granted, Defendant's Motion to Dismiss Indictment for Failure to Return Indictment Within Statutory Limitations Period should be denied, and Defendant's Motion to Suppress should be denied.

### I. Background

In August, 1986, and August, 1987, Defendant filed his income tax returns for tax years 1985 and 1986, respectively. Defendant had been granted a filing extension by the Internal Revenue Service ("IRS") establishing a deadline of October 15 for both years. Both returns included deductions for contributions to certain individual retirement accounts ("IRAs"), a Keough plan and an employee pension plan, hereinafter referred to as "retirement plans," although Defendant had made no contributions to the plans at the time the returns were completed.

Defendant hired accountant Edward Walsh to prepare his income tax returns for tax years 1984 through 1987. Defendant executed a valid Power of Attorney, Form 2848, for those tax years in favor of Walsh with regard to examination of tax returns by the IRS. The power of attorney was properly filed with the IRS in April, 1988.

Defendant was contacted by IRS auditor Bunny Wallace and informed that returns from tax years 1985 and 1986 were under examination. Specifically, the IRS was attempting to determine whether Defendant was entitled to the deductions he claimed in those years for contributions to retirement plans. During the course of the civil examination conducted by Wallace, Walsh informed Wallace that Defendant had failed to make the contributions to retirement plans for which he took deductions. Consequently, Wallace referred the investigation to the Criminal Investigation Division of the IRS.

In January, 1989, Defendant was interviewed in his office by special agent Maurice Lindsay of the IRS Criminal Investigation Division and Wallace. Neither Defendant nor Walsh was given advance notice of the interview, and Walsh was not present at Defendant's office when Lindsay and Wallace arrived to conduct the interview. Upon entering Defendant's office, Lindsay identified himself as an IRS special agent and informed Defendant of his constitutional right to an attorney. Defendant requested Walsh's presence and upon doing so Lindsay ceased the normal interview process. Defendant then procured a pen and note pad and questioned Lindsay concerning the nature of the investigation. Lindsay provided Defendant with the requested information and informed Defendant that the case had been referred to the Criminal Investigation Division as a result of Walsh's statement to Wallace concern-

ing Defendant's failure to make the contributions to retirement plans he claimed as deductions on his tax returns. Defendant then informed Lindsay that he had not made the contributions.

## II. Analysis

### 1. Motions to Dismiss Indictment

Defendant argues that the indictment in this action should be dismissed as insufficient because it fails to allege that Defendant performed acts which constitute a violation of the law under which he is charged. Rule 7(c) of the Federal Rules of Criminal Procedure provides in pertinent part that "[t]he indictment .... shall be a plain, concise statement of the essential facts constituting the offense charged." In *U.S. v. Chaney*, 964 F.2d 437, 446 (5th Cir.1992), the United States Court of Appeals for the Fifth Circuit reiterated the general rule that "an indictment is sufficient if it ... contains the elements of the offense charged...." *See also U.S. v. Behrman*, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619 (1922); *U.S. v. Gimbel*, 830 F.2d 621 (7th Cir.1987).

The Treasury Department of the United States, through the IRS, has issued two Revenue Rulings which provide that a taxpayer may claim deductions for contributions to retirement plans not yet paid at the time the applicable return is filed so long as the contributions are made by the due date of the return. Rev.Rul. 66–144, 1966–1 C.B. 91; Rev.Rul. 84–18, 1984–1 C.B. 88. In the context of this action, these revenue rulings allowed Defendant to take deductions on his tax returns filed in August, 1986, and August, 1987, for contributions to retirement plans even though he had not made such contributions at the time he completed his returns. Having taken the deductions, however, Defendant was required to make the contributions by the October 15 deadline established by extensions granted in those years.

In the instant indictment, Defendant is charged with violations of 26 U.S.C. § 7206(1) which establishes that any person who "[w]illfully makes and subscribes any return ... which contains or is verified by a written declaration that it is made under

the penalties of perjury, and which he does not believe to be true and correct as to every material matter ... shall be guilty of a felony...." The gravamen of the indictment in Count 1 is representative of both counts and provides in pertinent part that Defendant on the date of filing his income tax return

reported an adjustment to income as IRA deductions in the amount of $4,000, whereas, as he then and there well knew and believed, he paid no money into IRA accounts, and further ... he reported an adjustment to income as a Keough deduction ... whereas, as he then and there well knew and believed, he had paid no money into a Keough retirement plan, and further ... he reported a payment ... into an employee pension plan, whereas, as he then and there well knew and believed, he had paid no money into an employee pension plan, all of the above being in violation of § 7206(1) of Title 26, United States Code.

The Court finds that the Grand Jury indictment in this case fails to allege acts which constitute a violation under 26 U.S.C. § 7206(1). As set forth above, a violation of 26 U.S.C. § 7206(1) occurs when a taxpayer signs a return "he does not believe to be true and correct as to every material matter." In this case, Defendant took deductions on his tax returns, filed approximately two months before the returns were due, for contributions to certain retirement plans he had not yet made at the time of filing.

If it were true that to take these deductions prior to actually making the necessary contributions constitutes a violation of applicable tax law, the indictment in this matter would be sufficient. However, because the Treasury Department has issued two Revenue Rulings which allow such behavior, the indictment returned against Defendant is insufficient. To say that Defendant violated 26 U.S.C. § 7206(1) when he took deductions for contributions he had not yet made is to ignore the fact that in order for Defendant's returns to have been untrue and incorrect when subscribed Defendant must have taken the deductions

with no intention of making the contributions. If the Court were to find otherwise and uphold the instant indictment, Revenue Rulings 66–144 and 84–18 would be undercut such that a taxpayer who relied on these rulings and took deductions for contributions not yet made, fully intending to make such contributions prior to the deadline for the filing of the return, could be criminally prosecuted under 26 U.S.C. § 7206(1). For the indictment to have properly charged a crime under the facts alleged by the government in this case, it should have included additional language to the effect that at the time Defendant subscribed his returns he had no intentions of making the contributions.

■ By requiring an allegation of wrongful intent, the applicable revenue rulings and 26 U.S.C. § 7206(1) can be juxtaposed in a manner consistent with the obvious intent of the statute. Because the indictment fails to allege essential elements of the offense with which Defendant is charged it fails to meet the minimal requirements of the Fifth and Sixth Amendments of the United States Constitution and should be dismissed. *See U.S. v. Mekjian,* 505 F.2d 1320 (5th Cir.1975); *U.S. v. Fischetti,* 450 F.2d 34 (5th Cir.1971).

Defendant argues in a separate Motion to Dismiss Indictment that Count I of the indictment, addressing Defendant's tax return for the 1985 tax year, was returned after the statutory period of limitations had run and should therefore be dismissed as untimely. On August 15, 1986, Defendant was granted an extension of time for filing his 1985 Form 1040 to October 15, 1986. Defendant claims that he mailed his return on August 18, 1986, the date indicated on the return as the day it was prepared. The IRS is unable to produce the envelope in which the return was mailed and thus cannot controvert Defendant's claim of the date of mailing. The return bears an IRS filestamp showing receipt on August 22, 1986. The instant indictment was returned on August 19, 1992.

■ The issue to be resolved is whether the instant indictment was returned within the applicable statute of limitations. 26 U.S.C. § 6531 prescribes a six-year limitation for actions brought under 26 U.S.C. § 7206. If the date of mailing, August 18, 1986, is the date of filing then the indictment is one day beyond the statute of limitations. Conversely, if the date of receipt, August 22, 1992, is the date of filing the indictment is timely and Defendant's motion should be denied.

In cases such as this where an extension for filing has been granted, the statute of limitations begins to run from the date the return is actually filed, not from the original due date. *U.S. v. Habig,* 390 U.S. 222, 88 S.Ct. 926, 19 L.Ed.2d 1055 (1968). The general rule is that a return is filed when it is delivered to the IRS. *Emmons v. Commissioner,* 898 F.2d 50, 51 (5th Cir.1990). Defendant argues that 26 U.S.C. § 7502 dictates that Defendant's tax return be deemed "delivered" on the date it was mailed rather than on the date it was received by the IRS. That statute provides in pertinent part

(1) Date of delivery.—If any return ... required to be filed ... within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is ... after such period or date, delivered by United States mail to the ... office with which such return ... is required to be filed ... the date of the United States postmark ... shall be deemed the date of delivery....

■ The Court finds that 26 U.S.C. § 7502 is not applicable in this case. The clear language of the statute creates an exception to the general rule that a return is filed when it is received by the IRS only in those cases where the return is mailed before the deadline for filing and is not received until after the deadline. In those cases, the statute demands that the return be considered timely filed. Here, however, Defendant's return was both mailed and received by the IRS prior to the October 15, 1986, deadline. Accordingly, because 26 U.S.C. § 7502 does not apply, the general rule should be applied and the return should be deemed filed on the day it was received by the IRS. *See First Charter*

*Financial Corp. v. U.S.*, 669 F.2d 1342 (9th Cir.1982).

In arguing to the contrary, Defendant relies almost exclusively on the decision of the Fifth Circuit in *Emmons*, 898 F.2d 50 (5th Cir.1990). Specifically, Defendant argues that this Court is bound by the determination of the Fifth Circuit that "all timely returns are considered filed as of the date of the postmark and all late returns are considered filed as of the date of delivery." *Id.* at 51. The issue to be decided in that case, however, was the more narrow question of whether 26 U.S.C. § 7502 creates an exception to the general rule when the return in question was both mailed and received by the IRS after the deadline for filing the return. In response to that question, the Fifth Circuit held that the statute created no such exception. The Court recognizes that the language of the Fifth Circuit upon which Defendant relies seems to support the proposition that the date of mailing should be deemed the date of delivery in all cases where a return is mailed before the deadline for filing, regardless of when it is received, but that language goes beyond the narrow issue presented in *Emmons* and therefore does not control the determination of this Court on the facts presented here. Just as the Fifth Circuit interpreted 26 U.S.C. § 7502 such that it does not create an exception to the general rule when a return is both filed and received before the deadline for filing, this Court finds that, likewise, that statute does not create an exception to the general rule in those cases where the return is both mailed and received by the IRS prior to the deadline for filing.

Accordingly, the Court finds that the general rule for the filing of tax returns should be applied in this case and the return is deemed delivered on the date it was received by the IRS. Because the return was received by the IRS on August 22, 1986, and the indictment was returned on August 19, 1992, the indictment was returned within the applicable six-year statute of limitations. Consequently, Defendant's Motion to Dismiss Indictment for Failure to Return Indictment Within Statutory Limitations Period should be denied.

### 2. Motion to Suppress

As set forth above, Defendant and his accountant, Edward Walsh, made incriminating statements to IRS Special Agent Maurice Lindsay and auditor Bunny Wallace in the course of the civil and criminal investigations of Defendant by the IRS. In his Motion to Suppress, Defendant requests that this Court suppress statements obtained during the interviews of May and June, 1988, with Defendant or Walsh, and specifically statements made by Defendant in the interview conducted in Defendant's office on January 23, 1989.

■ Defendant argues that his Sixth Amendment right to counsel was denied when, during the civil investigation, Walsh was informed by Wallace that Defendant did not need legal counsel and that the investigation would remain purely civil. In the hearing held before this Court, Wallace denied ever having given such assurances and testified that she informed Walsh that it was at all times up to Defendant to decide whether he should employ counsel. The Court finds that Defendant has not adequately supported his claim that he was assured there was no need to employ counsel and that the investigation would remain purely civil. Even if such assurances were made by Wallace, Defendant has provided the Court with no authority indicating that this would amount to a denial of Defendant's right to counsel.

During the course of a meeting held with Defendant and Walsh regarding the civil investigation of Defendant, Wallace requested confirmation that Defendant had made the contributions to retirement plans for which he took deductions. Following the request, Defendant and Walsh left the room where the interview was being conducted. Walsh then returned to the room alone and informed Wallace that Defendant had informed him that the contributions had never been made. At hearing, Defendant argued *ore tenus* that the Court should suppress Walsh's statement to Wallace. Rule 801(d) of the Federal Rules of Evidence provides that "[a] statement is

not hearsay if ... [t]he statement is offered against a party and is ... a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." In light of this and having found that Defendant has failed to establish that Wallace made any statements indicating that no criminal prosecution would be pursued by the IRS, the Court finds no basis for suppressing this statement.

Finally, Defendant contends that because he had executed a valid power of attorney in favor of Walsh and because IRS policy therefore required Lindsay to contact Walsh prior to interviewing Defendant, the statements made by Defendant at the January 23, 1989, interview conducted by Lindsay were procured in violation of Defendant's Fifth Amendment right to due process and should be suppressed. Defendant argues further that Lindsay failed to give him proper *Miranda* warnings and that Lindsay improperly continued his interview with Defendant after Defendant had requested that Walsh be present.

■ In view of the explicit holding to the contrary by the United States Supreme Court in *U.S. v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979), the Court rejects Defendant's argument that the failure of Lindsay to follow procedural requirements established by the IRS alone constitutes a basis for suppression. *See also U.S. v. Nuth*, 605 F.2d 229 (6th Cir. 1979). Based on the uncontroverted testimony of Lindsay and Wallace at hearing, the Court also rejects Defendant's contention that Lindsay failed to give adequate *Miranda* warnings.

■ The only remaining question is whether Lindsay improperly continued his interview with Defendant after Defendant requested that Walsh be present. The Court finds that he did not. Lindsay testified at hearing that after Defendant requested Walsh's presence he did not continue a "normal interview." Lindsay testified further that after making his request, Defendant obtained a pen and paper and began asking Lindsay about the nature of the

charges against him. After being informed of the charges and told that a criminal investigation was being conducted as a result of statements made to Wallace confirming that Defendant had not made the contributions for which he took deductions, Defendant confirmed the statements.

In *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), the United States Supreme Court held that after an accused invokes his right to counsel, he is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication with the police. In *Oregon v. Bradshaw*, 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983), the Supreme Court explained that a defendant "initiates" further communication if he has "evinced a willingness and a desire for a generalized discussion about the investigation[.]" *Id.* at 1045–46, 103 S.Ct. at 2835. While Defendant in this case was not in police custody at the time he made the statement he now wishes to suppress and while Walsh is not an attorney, the Constitutional protections Defendant claims were violated in this case are identical to those addressed in *Edwards* and *Bradshaw*. The Court finds that Lindsay was not guilty of overreaching or coercion and that Defendant initiated further communication with Lindsay after he had requested Walsh's presence such that his subsequent statements to Lindsay were not obtained in a manner violative of Defendant's right to due process. *See Plazinich v. Lynaugh*, 843 F.2d 836 (5th Cir.1988); *Griffin v. Lynaugh*, 823 F.2d 856 (5th Cir. 1987). Accordingly, Defendant's Motion to Suppress should be denied.

### III. Conclusion

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Indictment for Failure to State Offense and for Vagueness and Indefiniteness is granted.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment for Failure to Return Indictment Within Statutory Limitations Period is denied.

IT IS FURTHER ORDERED that Defendant's Motion to Suppress is denied.

In accordance with Rule 58 of the Federal Rules of Civil Procedure, an appropriate final judgment will be entered this day.

SO ORDERED.