**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bruce BARNES, Defendant-Appellant.**

**No. 15088.**

United States Court of Appeals
Sixth Circuit.

June 25, 1963.

John F. Dugger, Morristown, Tenn. (John F. Dugger, H. M. Bacon, Morristown, Tenn., on the brief), for defendant-appellant.

B. B. Guthrie, Asst. U. S. Atty., Chattanooga, Tenn. (John H. Reddy, U. S. Atty., Chattanooga, Tenn., on the brief), for plaintiff-appellee.

Before O'SULLIVAN, Circuit Judge, and BOYD and THORNTON, District Judges.

PER CURIAM.

Defendant-Appellant, Bruce Barnes, was convicted by a jury of violating federal laws relating to the illicit manufacture of "moonshine" whiskey. Because the trial judge did not, by cautionary instruction, and as requested by appellant, limit to impeachment purposes the jury's

consideration of an out-of-court statement made by a witness, we reverse and remand the case for a new trial.

The government proofs showed that appellant Barnes, with two others, Isaac and Robert Rollins, was discovered at a still site where illicit whiskey was being made. All three were indicted. Both Isaac and Robert Rollins pleaded guilty. Appellant Barnes stood trial. The Rollins brothers were called as witnesses at such trial. They corroborated Barnes' claim that he did not own or work at the still. On cross-examination, Isaac Rollins was confronted with an out-of-court statement he had signed which implicated Barnes in the ownership of the still.

The Court allowed the statement to be put in evidence on the theory, unannounced to the jury, that it went to test the credibility of Rollins as a witness. However, although requested by Barnes to do so, the Court, refused to specifically instruct the jury that it could consider the statement only for the purpose of impeaching Rollins, but not as substantive evidence of the guilt of Barnes. This, we hold, was prejudicial to the rights of the appellant Barnes.

As stated by the Fifth Circuit:

"The testimony would have been inadmissible as hearsay except for the purpose of impeachment. It is the duty of the court, when so requested, to instruct the jury as to the limited purpose for which the impeaching evidence is admitted and advise the jury to the extent to which the evidence may be considered." Valentine v. United States, 272 F.2d 777, 778 (C.A.5, 1959).

Prior statements of a witness are admissible only to discredit the witness and are not competent as substantive evidence of the facts to which the prior statement relates. Brooks v. United States, 309 F.2d 580, 582 (C.A. 10, 1962). See also, Slade v. United States, 267 F.2d 834 (C.A.5, 1959); Bridges v. Wixon, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103; 3 Wigmore on Evidence, § 1018 (3d Ed., 1940). The failure to give a cautionary instruction to the jury as to the limited effect of Rollins' prior statement does not amount to harmless error in the context of this case. See, Valentine v. United States, 272 F.2d 777, 778 (C.A.5, 1959).

Other matters relied on for reversal are not likely to arise on a new trial. We observe, however, that the District Judge's charge relating to the law applicable to conspiracy was without relevancy, and could have confused the jury.

Judgment reversed and a new trial is granted.