**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Samuel Lee MARTIN, Defendant-**
**Appellant.**

**No. 16904.**

United States Court of Appeals
Sixth Circuit.

April 25, 1967.

Thomas E. Watts, Jr., (Court Appointed) Nashville, Tenn., for appellant.

Rollie L. Woodall, Nashville, Tenn., for appellee.

Before WEICK, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

Appellant, Samuel Lee Martin, was indicted and found guilty of transporting a 1955 automobile from Oak Grove, Kentucky, to Montgomery County, Tennessee, in violation of 18 U.S.C. § 2312 (Dyer Act). The essential facts are: In July, 1964, Lennis Hugley, Jr., was stationed at Fort Campbell, Kentucky; on July 20th, Hugley left his 1955 automobile in a parking lot outside the army camp. When he returned several days later to pick up his automobile, he found it had been stolen. The automobile was subsequently found in Montgomery County, Tennessee. Appellant was indicted, along with two others, for violation of the Dyer Act.[1] The two accomplices plead guilty, and testified for the Government. A jury found the Appellant guilty, and this appeal followed.

The only meritorious question presented on this appeal is whether there was sufficient evidence to justify a finding that the stolen automobile was transported by the Appellant across the Kentucky State lines, so as to sustain a conviction for violation of the Dyer Act.

To obtain a conviction under 18 U.S.C. § 2312, the Government must prove three essential elements: (1) that the vehicle was stolen, (2) that it was transported in interstate commerce, (3) that such transportation was with knowledge that the vehicle was stolen. On each element, the Government must present substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt. Maguire v. United States, 358 F.2d 442 (C.A.10, 1966); Sadler v. United States, 303 F.2d 664 (C.A.10, 1962).

Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred.

---

1. 18 U.S.C., Section 2312. Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

A review of the evidence relating to the interstate transportation of the stolen vehicle clearly shows that the Government failed to present substantial evidence from which the jury might have found beyond a reasonable doubt that the vehicle was transported from Kentucky to Tennessee.

Hugley testified that he parked his car in Martin's Standard Oil Station, at the far north end of the lot. The station lot is located on Route U.S. 41A, across from Gate Number 4 at Fort Campbell. The station lot is enclosed by a fence which runs north and south. The Kentucky-Tennessee State boundary line runs somewhere through the lot. Hugley parked his car at the north end of the lot, toward Kentucky. Hugley testified that according to an engineering maps, Gate 4 is located on the State line. However, the map did not show how the line extended across Route 41A. Hugley did not know where the State line crossed the Standard Oil parking lot. On cross-examination he testified:

"Q. So you just assumed that your car was in Kentucky. Is that correct?

"A. Right, sir. * * *

"Q. Mr. Hugley, you cannot state, can you of your own personal knowledge, that the car was parked in Kentucky?

"Mr. Woodall: Your Honor, he has already stated he can state it.

"The Court: No he hasn't. * * *"

One of the accomplices, Eads, testified there was a sign south of the Standard Oil station which said "you have entered Kentucky". Eads did not know where the State line crossed the parking lot. He testified:

"Q. All right, Mr. Eads, now, I think you testified that you knew that this car was up in Kentucky. Is that right?

"A. Yes, sir.

"Q. How did you know it was in Kentucky?

"A. Because we had to cross a state line.

"Q. How did you know where the state line was?

"A. Because there is a sign.

"Q. A sign right on the state line?

"A. There is a sign saying that you are now entering Kentucky or either * * *

"Q. (Interposing) Do you know of your own knowledge whether that sign is on the state line?

"A. Not of my own knowledge, no sir."

Patrolman South testified the station building was in Kentucky, but he was not familiar with what boundaries the parking lot covered.

Appellant Martin testified he had pleaded guilty to stealing a car in 1957 from the same lot. As to the first theft, he admitted he had transported the car from Kentucky to Tennessee. However, he first obtained possession of the first car in front of the station, which all of the witnesses state is in Kentucky.

This was the evidence as to the location of the parked automobile, and the location of the State boundary line. Considering this evidence in the light most favorable to the Government, together with the inferences which may fairly be drawn therefrom, we find a total failure of proof as to where the State boundary line crossed the Standard Oil parking lot, and where the stolen vehicle was parked in relation to that boundary line.

■ In prosecuting for transportation of a stolen automobile across state lines, the burden of proving transportation was on the Government and possession in another State of property stolen raised no presumption that possessor transported it in interstate commerce. Morandy v. United States, 170 F.2d 5 (C.A.9, 1948) cert. den., 336 U.S. 938, 69 S.Ct. 741, 93 L.Ed. 1097.

The fact that Gate 4 is on the boundary line does not prove where that line crosses a parking lot which is across a four lane highway and opposite Gate 4. The fact that the lot is opposite Gate 4 does not tell us the angle the lot is from

Gate 4. Nor do we know the position of the parked vehicle relative to the boundary line. There was no showing where the sign was located relative to the parked vehicle. Nor do we know whether the sign was in fact in the State of Kentucky.

■ We find no direct evidence as to the transportation of the stolen car in interstate commerce, nor do we find sufficient circumstantial evidence from which the jury could infer that the car was transported in interstate commerce. Since the boundary line crossed the parking lot at some undetermined point, there was an obvious need from the beginning to show the location of the State line, and the position of the vehicle relative to this line. From the evidence offered by the Government, the jury could only speculate as to the location of the automobile relative to the Kentucky line. There being a failure of proof of the crucial element of interstate transportation after the automobile had been stolen, the judgment is reversed and the case remanded to the District Court with instructions to discharge the Defendant.