UNITED STATES of America,
Plaintiff-Appellee,

v.

Marion Dean JOHNSON, Defendant-
Appellant.

No. 18866.

United States Court of Appeals
Sixth Circuit.

June 17, 1969.

Stan Guthrie (Court Appointed), Chattanooga, Tenn., for appellant.

Thomas A. Williams, Chattanooga, Tenn. (J. H. Reddy, U. S. Atty., Chattanooga, Tenn., on the brief), for appellee.

Before WEICK, Chief Judge, and O'SULLIVAN and McCREE, Circuit Judges.

McCREE, Circuit Judge.

Appellant was found guilty by a jury of aiding and abetting his brother, the co-defendant, in transporting a stolen motor vehicle in commerce, and of aiding and abetting his brother in receiving and concealing the vehicle, in violation of 18 U.S.C. §§ 2312, 2313 and 2. His brother, who was similarly charged in the same indictment, pled guilty to the second count and was found guilty of the offense charged in the first count.

The only issue to be determined is whether there was sufficient evidence to permit the jury to consider the question of appellant's guilt. We hold that there was.

The evidence admitted to establish the crimes may be stated briefly. It is undisputed that the vehicle was stolen from a dealer's lot in Waycross, Georgia, sometime after March 27, 1968. The two brothers were arrested April 5, 1968, by agents of the Federal Bureau of Investigation in a rest area off Interstate Highway 75 near Cleveland, Tennessee,

a point north of the scene of the theft. The agents had taken a position alongside Interstate 75 adjacent to the rest area, and, when they observed the automobile drive in, park and extinguish its lights, arrested the occupants. Appellant was on the passenger side and his brother was behind the wheel. Two blue suitcases, various articles of men's and children's clothing and other personal items were in the vehicle.

Appellant and his brother had been seen a few weeks before the theft in Orlando, Florida, a city south of Waycross. They were traveling together in a 1963 model Pontiac automobile which they left with one Gail Turnage who loaned them her car. She testified that they had either one or two blue suitcases with them. Several days later, appellant's brother called to tell her where in Orlando he would leave her car. They did not return to pick up the Pontiac.

Although the only evidence of appellant's guilt is circumstantial, appellee contends, and appellant concedes, that recent unexplained possession by a defendant of a stolen motor vehicle in another state permits an inference that he stole it and suffices to support a conviction that he transported it in interstate commerce. *See, e.g.,* United States v. Bennett, 356 F.2d 500 (7th Cir. 1966), cert. den., 384 U.S. 975, 86 S.Ct. 1868, 16 L.Ed.2d 685 (1966); Beufve v. United States, 374 F.2d 123 (5th Cir. 1967), cert. den., 389 U.S. 881, 88 S.Ct. 122, 19 L.Ed.2d 175 (1967); United States v. Messina, 388 F.2d 393 (2d Cir. 1968), cert. den., 390 U.S. 1026, 88 S.Ct. 1413, 20 L.Ed.2d 283 (1968).

■ Appellant contends, however, that there was insufficient proof of his *possession* of the vehicle, and that the Government's failure to establish this predicate deprived it of the benefit of the inference. Pearson v. United States, 192 F.2d 681 (6th Cir. 1951); Allison v. United States, 348 F.2d 152 (10th Cir. 1965). In *Allison,* proof that the defendant was seen in the passenger seat was held insufficient to warrant a finding of his possession of the automobile. This court also has held that mere presence in a stolen motor vehicle is insufficient to permit an inference that such occupant stole it and transported it in interstate commerce. Camilla v. United States, 207 F.2d 339 (6th Cir. 1953). Some degree of control, dominion or authority over the vehicle is necessary to establish possession. Baker v. United States, 395 F. 2d 368 (8th Cir. 1968); Allison v. United States, *supra,* not necessary at 154.

■ Nevertheless, possession may be proved circumstantially and may thus serve as the basis for an inference of the other elements of the offense. United States v. Costanzo, 395 F.2d 441 (4th Cir. 1968). Also, possession may be in more than one person. Garrison v. United States, 353 F.2d 94 (10th Cir. 1965); Wheeler v. United States, 382 F.2d 998 (10th Cir. 1967).

■ Although the evidence offered here to establish possession was neither direct nor extensive, it was sufficient to permit the jury to find that appellant was more than a mere passenger in the stolen vehicle. He had been traveling with his brother before the theft and was apprehended with his brother afterwards. The luggage they were observed to possess before the theft somehow had been transferred to the stolen car. The car in which he was seen in Orlando before the theft had apparently been abandoned. We hold that the foregoing evidence sufficed to permit a jury to find that appellant had at least joint possession of the stolen motor vehicle and that from this fact it could infer the other elements of the offense charged in the indictment. Burke v. United States, 388 F.2d 286 (8th Cir. 1968).

Affirmed.