**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John CLASSEN, Defendant-Appellant.**

No. 19858.

United States Court of Appeals,
Sixth Circuit.

April 15, 1970.

Albert A. Goldfarb, Detroit, Mich., for defendant-appellant.

J. Kenneth Lowrie, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee; James H. Brickley, U. S. Atty., Ralph B. Guy, Jr., Chief Asst. U. S. Atty., Detroit, Mich., on the brief.

Before CELEBREZZE, PECK and COMBS, Circuit Judges.

COMBS, Circuit Judge.

Defendant-appellant John Classen was convicted by a jury on two counts of possession of checks stolen from the United States Mail in violation of 18 U.S.C. § 1708. A sentence of four years imprisonment was imposed on each of the two counts, the sentences to be served consecutively.

The government's proof clearly showed that the two checks defendant was charged with possessing were stolen from a postal storage box on January 2, 1968. The prosecution attempted to link defendant with this crime through the testimony of Junetta Gaddy.

On direct examination, Junetta Gaddy admitted endorsing the two checks in question. She testified, however, that she could not recall from whom she received the checks because she was under the influence of drugs at the time. At this point, the government claimed surprise and was allowed to cross-examine Miss Gaddy as a hostile witness. She was then confronted with a statement she had given under oath to two federal officers on February 8, 1968, while she was incarcerated in the Detroit House of Corrections. Miss Gaddy admitted that she had made and signed the statement but said she was unaware of its contents since she did not read the statement before signing it. The statement was then admitted as substantive evidence over the objection of defense counsel. In that statement, Miss Gaddy admitted cashing a number of checks stolen from mailboxes, including the two which defendant was charged with having possessed. The statement also recited that she had received the latter two checks from defend-

ant, and that she had seen many checks on a table in defendant's home which had been stolen from postal relay boxes.

After being confronted with this statement, Miss Gaddy reiterated that she could not truthfully say that she had received the checks from defendant. She explained the conflict between her statement and her trial testimony on the ground that she was undergoing withdrawal and was serving ninety days self-commitment for narcotics at the time the statement was made; also that she felt she was under pressure to make some statement in view of the imminence of both federal and state sentences.

The only other testimony to connect defendant with the crime was that of the arresting officer who testified that defendant was driving a 1961 black Cadillac convertible when he was arrested. Another witness had previously testified that he had observed three men break open the postal storage box in question and drive away in a 1961 black Cadillac convertible. This witness was unable to identify any of the participants.

Although defendant has alleged several errors on this appeal, the crucial question is whether the trial court erred in permitting the extra-judicial statement of the witness Gaddy to be received as substantive evidence. That question is squarely answered in United States v. Crowder, 346 F.2d 1 (6th Cir. 1965). There, this Court held that a witness's extra-judicial statement is not admissible as substantive evidence but only to *impeach the witness's trial testimony.* See also United States v. Schwartz, 390 F.2d 1 (3rd Cir. 1968). We are not impressed, as we were not impressed in *Crowder,* with the criticism of this rule. We think the rule of *Crowder* is sound and we have no inclination to depart from it.[1]

The error was clearly prejudicial to defendant and requires reversal of the judgment. Without the extra-judicial statement of Miss Gaddy, there was no substantive proof of defendant's participation in the crime. We find no merit in the other grounds of error raised by defendant.

Reversed and remanded.

1. We need not decide whether we agree with the decision in United States v. De-Sisto, 329 F.2d 929 (2nd Cir. 1964). There, the court refused to require rigid adherence to the orthodox rule limiting the use of prior statements of a witness to their effect on his credibility where the prior statements were themselves testimony before a grand jury and at a former trial. The circumstances present in De-Sisto admittedly are not present here.