**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Claude Lewis LIPSCOMB, Defendant-Appellant.**

**No. 19787.**

United States Court of Appeals, Sixth Circuit.

April 21, 1970.

Hamilton Gayden, Jr. (Court appointed), Nashville, Tenn., for defendant-appellant.

Ira E. Parker, III, Asst. U. S. Atty., Nashville, Tenn., for plaintiff-appellee; Charles H. Anderson, U. S. Atty., Nashville, Tenn., on brief.

Before WEICK and COMBS, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

COMBS, Circuit Judge.

Defendant-appellant was convicted by a jury of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312, and was sentenced to two years imprisonment. The two questions raised on appeal involve (1) the introduction of testimony by the government to impeach one of its witnesses, and (2) the sufficiency of the evidence to sustain the conviction.

A 1967 Pontiac GTO was stolen in Huntsville, Alabama in September, 1968. Defendant was first connected with the stolen vehicle by Officer Summers of the Nashville Police Department who testified that, in November, 1968, he gave chase to an automobile in Nashville in connection with a traffic violation; that, when the automobile was finally stopped, four occupants, including defendant, jumped from the car and fled on foot; and that defendant alighted from the driver's side of the car and was the only occupant apprehended. Subsequent investigation revealed that this automobile was the one previously stolen in Huntsville.

Government witness James Scruggs testified on direct examination that he had seen the defendant driving a 1967 Pontiac GTO in Huntsville in September, 1968. However, Scruggs denied that he had ridden with defendant from Huntsville to Nashville in the stolen car

or that defendant had admitted to him that he stole the car.

■ Following cross-examination of Scruggs by defense counsel, the government claimed surprise and had Scruggs declared a hostile witness. After laying the proper foundation, the government called FBI Agent Marx who testified that Scruggs had previously stated to him that he had ridden from Huntsville to Nashville with defendant and that defendant had admitted to Scruggs that he had stolen the car. FBI Agent Norwood corroborated the testimony of Agent Marx.

Defense counsel's objection to the admission of Agent Marx's testimony as hearsay was overruled on the ground the evidence was "competent for the purposes of rebuttal." No specific cautionary instruction was requested or given. In the charge to the jury, the trial court did instruct that a witness could be impeached either by establishing testimonial contradictions through cross-examination or by showing that the witness had testified in a manner inconsistent with statements previously made by him. The jury was further instructed that, if they found that any witness had been impeached by either of these two methods, it was within their discretion to disregard his testimony.

The prior inconsistent statements of the witness Scruggs were admissible as affecting his credibility, but not as substantive evidence. United States v. Crowder, 346 F.2d 1 (6th Cir. 1965); Green v. Baltimore & Ohio RR, 337 F.2d 673 (6th Cir. 1964); United States v. Barnes, 319 F.2d 290, 291 (6th Cir. 1963). We are of the opinion that the failure of the trial judge to limit through cautionary instructions the jury's consideration of these extra-judicial statements to impeachment purposes requires reversal. Although such an instruction was not specifically requested, it has generally been held that failure to give it amounts to plain error where, as

here, the government's case is weak and the statement is extremely damaging. Jones v. United States, 128 U.S.App.D.C. 36, 385 F.2d 296 (1967); Newman v. United States, 331 F.2d 968 (8th Cir. 1964); Upham v. United States, 328 F.2d 661 (5th Cir. 1964). Also see Benson v. United States, 402 F.2d 576 (9th Cir. 1968). Here, the testimony brought out during the impeachment process established in large measure the substantive elements of the crime which the government was required to prove, that is, possession and interstate transportation of the stolen motor vehicle.

The general instruction regarding impeachment of a witness was insufficient to protect the substantial rights of the defendant. No specific reference was made to the evidence introduced to impeach Scruggs and, more importantly, the charge did not inform the jury in conformity with United States v. Barnes, supra, that impeaching statements could be considered only for the purpose of discrediting a witness and not as substantive evidence of the facts to which the prior statement related.

■ Defendant's second assignment of error is that the evidence is insufficient to sustain the conviction when that evidence elicited during the impeachment of Scruggs is discounted. Although we regard the government's case as thin, we are of the opinion that the record does contain sufficient other evidence to withstand defendant's motion for judgment of acquittal. The evidence demonstrates a sufficient degree of control, dominion, or authority over the vehicle to establish possession by defendant. Defendant's recent unexplained possession of the stolen motor vehicle in another state permits the inference that he stole it and transported it in interstate commerce. United States v. Johnson, 412 F.2d 787 (6th Cir. 1968).

The judgment is reversed and the case is remanded.