**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Miles LaROSE, Defendant-Appellant.**

**No. 71–1759.**

United States Court of Appeals, Sixth Circuit.

April 27, 1972.

---

**362**

John W. Wagster (Court appointed), Nashville, Tenn., for defendant-appellant.

Ira E. Parker, III, Asst. U. S. Atty., Nashville, Tenn., for plaintiff-appellee; Charles H. Anderson, U. S. Atty., Nashville, Tenn., on brief.

Before MILLER * and KENT, Circuit Judges, and KEITH, * * District Judge.

KENT, Circuit Judge.

Appellant takes this appeal from his conviction by the court, sitting without a jury, of the offense of transporting a stolen motor vehicle in interstate commerce knowing the vehicle to have been stolen, in violation of 18 U.S.C. § 2312.[1]

The record shows that on May 11, 1967, a 1967 Ford Mustang was rented in St. Paul, Minnesota, by one James Rousselle. Rousselle admitted that he had rented the vehicle and never returned it to the rental agency. He also admitted that he had stolen the license plates which were found on the car. In April, 1968, Rousselle was arrested for an unrelated robbery and was confined from that time until the time he testified in this case. Rousselle testified that at the time of his arrest in April, 1968, he had left the car in question parked in a parking lot at a housing project in St. Paul, Minnesota. Rousselle admitted that he had known the defendant LaRose, but denied that he had given the automobile to LaRose, left it with LaRose, or sold it to LaRose. LaRose was arrested on February 9, 1969, in Nashville, Tennessee, with the stolen Mustang in his possession. He also had in his possession the driver's license of one Alvin Schneider of St. Paul, Minnesota, which Schneider testified he had lost in 1967. He did not recall where he had lost it, except that he had lost it in the St. Paul, Minnesota area. LaRose

---

* Honorable William E. Miller took no part in the decision of this case.

** Honorable Damon J. Keith, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. "Whoever transports in interstate or foreign commerce a motor vehcle or aircaft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

also had in his possession a "Bill of Sale" for the Mustang, purporting to have been executed by one James Willson to Alvin Schneider and an "Application for Transfer" purporting to have been executed by Alvin Schneider. Presumably the bill of sale and application for transfer were executed in St. Paul, Minnesota, on the 7th day of February, 1969. The notary public before whom the signatures on the bill of sale and application for transfer were acknowledged was not produced as a witness and there was no testimony as to who signed as the seller or purchaser at the time the bill of sale was executed.

■ The sole issue presented on appeal is whether the competent evidence before the Court was sufficient to permit the Court to find the defendant guilty of the offense charged. At the outset we recognize that all the evidence and the reasonable inferences to be drawn therefrom are to be viewed in the light most favorable to the Government; United States v. Wolfenbarger, 426 F.2d 992 (6th Cir. 1970); United States v. Milby, 400 F.2d 702 (6th Cir. 1968), but the evidence supporting the conclusion of guilt must be more than a mere scintilla. As stated by this Court in United States v. Martin, 375 F.2d 956, 957 (6th Cir. 1967):

> "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred."

And in a circumstantial evidence case, such as this, the mere fact that the inferences to be drawn are consistent with guilt are insufficient to support a guilty verdict. As said by the Court of Appeals for the Fifth Circuit in Fitzpatrick v. United States, 410 F.2d 513, 516 (1969):

> "But in a circumstantial evidence case the inferences to be drawn from the evidence must not only be consistent with guilt but inconsistent with

every reasonable hypothesis of innocence. Montoya v. United States, [402 F.2d 847, 5 Cir.,] supra."

Accord: Lewis v. United States, 420 F. 2d 1089 (10th Cir. 1970).

The essential elements of the offense charged in this case are: (1) that a motor vehicle was stolen, (2) that the appellant transported the motor vehicle in interstate commerce, and (3) that the appellant had the requisite guilty knowledge of the theft of the car. United States v. Bishop, 434 F.2d 1284 (6th Cir. 1970); United States v. Martin, 375 F.2d 956 (6th Cir. 1967).

No question is raised in this case but that the motor vehicle was stolen and on the record as a whole it appears that a conclusion that the appellant had knowledge that the car had been stolen is one which may be properly drawn from all of the evidence.

■ On this record there is insufficient evidence that this appellant transported the motor vehicle in interstate commerce in February, 1969, as charged in the indictment. It is true that a bill of sale and application for transfer purport to have been executed and notarized in Minnesota two days before the arrest of the appellant in Nashville. The Government contends that this circumstantial evidence is sufficient to establish that LaRose *and the car* were in Minnesota at the time of execution of the bill of sale and application for transfer and thereafter moved in interstate commerce to Tennessee. To draw such an inference from the bill of sale and application for transfer is pure speculation. There is nothing in this record to establish that LaRose executed the bill of sale, either as purchaser or as seller. There is nothing in this record to establish that LaRose used the name Schneider on any other occasion, or that he had possession of the driver's license, the bill of sale and the application for transfer prior to the day on which he was arrested. It might be reasonable to *suspect* that LaRose had something to do with the bill of sale and the application for trans-

fer purported to have been signed by Alvin Schneider. This can be nothing more than suspicion and would not be sufficient to meet the substantial evidence test. United States v. Martin, 375 F.2d 956 (6th Cir. 1967).

There is nothing in this record to establish that LaRose had possession of the motor vehicle at any time prior to February 9, 1969, the date on which he was arrested. There is nothing to show who transported the motor vehicle from St. Paul, Minnesota to Nashville, Tennessee, nothing to show when it was transported, and certainly nothing to show that it was transported from St. Paul, Minnesota to Nashville, Tennessee in February, 1969. There is a complete void in the evidence as to the location and possessor of the motor vehicle from the time of Rousselle's arrest until the time of LaRose's arrest.

The Government in this case seeks to rely on the principle that unexplained possession of a recently stolen motor vehicle in another state permits an inference that the one in possession stole it and transported it in interstate commerce. We have accepted this principle. United States v. Johnson, 412 F.2d 787 (6th Cir. 1969); United States v. Bishop, 434 F.2d 1284 (6th Cir. 1970); United States v. Lipscomb, 425 F.2d 226 (6th Cir. 1970).

This, however, is not a case where the appellant is found in possession of goods recently stolen and, therefore, the above principle does not apply. This motor vehicle was last accounted for in April, 1968. It had been "stolen" sometime after May, 1967, when it was originally rented. In the opinion of this Court it ceased to be such as could be classified as "recently stolen" long before February 9, 1969.

■ Only one other issue remains to be discussed. On the trial of the case the United States Attorney was permitted to cross-examine the witness Rousselle in an effort to impeach him on the basis of alleged prior inconsistent statements. It is well established that evidence of prior inconsistent statements by a witness may be used only for impeachment purposes and not as substantive evidence. The effect of such testimony was considered by this Court in United States v. Lipscomb, 425 F.2d 226 (6th Cir. 1970), where the Court said at page 227:

"The general instruction regarding impeachment of a witness was insufficient to protect the substantial rights of the defendant. No specific reference was made to the evidence introduced to impeach Scruggs and, more importantly, the charge did not inform the jury in conformity with United States v. Barnes, supra, [319 F.2d 290, 6 Cir.,] that *impeaching statements could be considered only for the purpose of discrediting a witness and not as substantive evidence of the facts to which the prior statement related.*" (Emphasis added).

and see also Slade v. United States, 267 F.2d 834, 839 (5th Cir. 1959), where the Court said:

"[2] This was rather the classic case of court testimony at variance with the statement, and as to which it is 'fundamental that the impeaching testimony be admitted not for the purpose of supplying what the witness was expected to, but did not, say, * * * but only to eliminate from the jury's mind any positive adverse effect which might have been created by the testimony * * *' of the witness. Young v. United States, 5 Cir., 1938, 97 F.2d 200, 205, 117 A.L.R. 316, 323. We have in many cases, civil and criminal, reiterated the controlling principle that such prior inconsistent statements are '* * * admitted only to destroy the credit of the witnesses, to annul and not to substitute their testimony. An ex parte statement does not become evidence of its contents * * *.'"

We are forced to conclude that there was insufficient competent evidence to permit the trial court to reach the conclusion that the Government had estab-

lished the guilt of the appellant beyond a reasonable doubt.

The judgment of the District Court is reversed and the case is remanded for entry of a judgment of acquittal.