UNITED STATES of America,
Plaintiff-Appellee,

v.

William "Buddy" LESTER, Defendant-
Appellant.

No. 73–1289.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 16, 1973.

Decided Feb. 11, 1974.

Garred O. Cline (Court Appointed), Pikeville, Ky., on brief for appellant.

William D. Kirkland, Asst. U. S. Atty., for appellee; Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief.

Before EDWARDS, McCREE and MILLER, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant was convicted after jury trial on three counts of operating an unregistered still, in violation of 26 U.S.C. §§ 5173(a), 5179(a) and 5222(a) (1970). On his appeal he invokes a long-standing rule of this Circuit that while prior inconsistent statements of a witness may be accepted to rebut that witness' testimony, and to impeach his credibility before the court, such prior inconsistent statements cannot be employed as substantive proof of a criminal offense. United States v. LaRose, 459 F.2d 361 (6th Cir. 1972); United States v. Lipscomb, 425 F.2d 226 (6th Cir. 1970); United States v. Classen, 424 F.2d 494 (6th Cir. 1970); United States v. Crowder, 346 F.2d 1 (6th Cir. 1965); United States v. Barnes, 319 F.2d 290 (6th Cir. 1963).

In the instant case, after a raid on a house where a still was found to be in operation, and the arrest of the owner Bevins, Bevins was called as a government witness against appellant who was a codefendant. At trial Bevins and Bevins' wife testified that Lester had been at the house and had fled at the approach of the officers, but that he had

not been engaged in operating the still. A Treasury Agent was then allowed to take the stand and testify that both Bevins and his wife previously had told him that appellant Lester had not only been at the house, but had been engaged in helping in the operation of the still. No objection was made to this evidence, but, of course, it was admissible for purposes of impeachment of Bevins and Bevins' wife.

The District Judge, however, in instructing the jury, did not instruct the jury that this testimony could only be used for impeachment of Bevins and his wife, and not as substantive proof of Lester's guilt. The record does not disclose any other direct evidence that appellant Lester operated the still.

Appellee, the United States Government, through the United States Attorney for the Eastern District of Kentucky, concedes that if we follow our circuit's long-standing rule, as set forth in the *LaRose*, *Crowder* and *Barnes* cases cited above, we must reverse this conviction. The government earnestly urges that we reconsider the rule and adopt the rationale of certain text writers and other circuits. 3 J. Wigmore, Evidence § 1018 (3d ed. 1940); Model Code of Evidence rule 503(b) (1942); C. McCormick, Evidence § 39 (1954); Maguire, The Hearsay System: Around and Through the Thicket, 14 Vand.L. Rev. 741 (1961); Morgan, Hearsay Dangers and the Application of the Hearsay Concept, 62 Harv.L.Rev. 177, 192–96 (1948). This we decline to do. Much as we respect the views of the authorities cited to us, we are repelled by ingrafting on the American system of justice a rule which would allow a person to be convicted of a felony on the repetition of an inculpatory statement made by a third party concerning a person charged with crime, which statement was not under oath, not in the presence of the person charged, and was not subject to confrontation and cross-examination at the time when it was made. We do not think that the deficiencies in the nature of the proof tendered are cured

by the fact that the third party whose accusatory statement is relied upon by the prosecution is called to the witness stand at the trial of the defendant and there subjected to confrontation and cross-examination.

The leading case on this subject (which has never been overruled) is Bridges v. Wixon, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103 (1945). There the Supreme Court held that prior inconsistent statements were admissible to impeach, "But they certainly would not be admissible in any criminal case as substantive evidence." Bridges v. Wixon, *supra* at 153, 65 S.Ct. at 1452.

In its brief and oral argument, the United States Attorney argued that this court should regard itself as bound by the holding of the United States Supreme Court in California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). On the contrary, California v. Green did not decide the issue with which we are presently concerned at all. The *Green* case dealt with the federal constitutionality of a state statute making admissible as substantive evidence a prior inconsistent statement of a third party concerning a person charged with crime. It held that the Federal Constitution did not bar such a statute. But the opinion for the court expressly noted that it was not deciding whether such a rule accorded with federal evidentiary rules and cited cases which hold the contrary. *See* California v. Green, 399 U.S. 149, 163–164 n.15, 90 S.Ct. 1930 (1970).

In Bruton v. United States, the Court stated in a lengthy footnote:

"We emphasize that the hearsay statement inculpating petitioner was clearly inadmissible against him under traditional rules of evidence, see Krulewitch v. United States, 336 U.S. 440 [69 S.Ct. 716, 93 L.Ed. 790]; Fiswick v. United States, 329 U.S. 211 [67 S. Ct. 224, 91 L.Ed. 196], the problem arising only because the statement was (but for the violation of Westover, *supra*, n. 1 [384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694]) admissible

against the declarant Evans. See C. McCormick, Evidence § 239 (1954); 4 J. Wigmore, Evidence §§ 1048–1049 (3d ed. 1940); Morgan, Admissions as an Exception to the Hearsay Rule, 30 Yale L.J. 355 (1921). See generally Levie, Hearsay and Conspiracy, 52 Mich.L.Rev. 1159 (1954); Comment, Post-Conspiracy Admissions in Joint Prosecutions, 24 U.Chi.L.Rev. 710 (1957); Note, Criminal Conspiracy, 72 Harv.L.Rev. 920, 984–990 (1959). There is not before us, therefore, any recognized exception to the hearsay rule insofar as petitioner is concerned and we intimate no view whatever that such exceptions necessarily raise questions under the Confrontation Clause. See Pointer v. Texas, 380 U. S. 400 [85 S.Ct. 1065, 13 L.Ed.2d 923]; Barber v. Page, 390 U.S. 719 [88 S.Ct. 1318, 20 L.Ed.2d 255]; Mattox v. United States, 156 U.S. 237 [15 S.Ct. 337, 39 L.Ed. 409]. See generally McCormick, *supra*, § 224; 5 Wigmore, *supra*, §§ 1362–1365, 1397; Morgan, Hearsay Dangers and the Application of the Hearsay Concept, 62 Harv.L.Rev. 177 (1948)." Bruton v. United States, 391 U.S. 123, 128 n. 3, 88 S.Ct. 1620, 1623, 20 L.Ed.2d 476 (1968).

The most recent federal consideration of this problem has been in the course of formulation of the Proposed Federal Rules of Evidence drafted by the Committee on Rules of the United States Judicial Conference and transmitted to Congress on November 20, 1972. The Proposed Rules as drafted would have the effect of rendering prior inconsistent statements of a witness admissible as substantive evidence:

*(d) Statements which are not hearsay.* A statement is not hearsay if—

(1) *Prior statement by witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement,

and the statement is (A) inconsistent with his testimony, . . .. Proposed Federal Rules of Evidence 801(d)(1)(A), 56 F.R.D. 183, 293 (1972).

We note, however, that H.R. 5463 introduced by the Subcommittee on Criminal Justice of the House Judiciary Committee as a supplement to the Proposed Federal Rules of Evidence contains an amendment to 801(d)(1)(A) (printed below in italics) which would, if adopted, serve to codify the long-standing rule of evidence of this circuit.

"(d) Statements which are not hearsay.—A statement is not hearsay if—

(1) Prior statement by witness. —The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with his testimony, or (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving him: *Provided, That a prior inconsistent statement under clause (A) shall not be admissible as proof of the facts stated unless it was given under oath and subject to the penalty of perjury at a trial or hearing or in a deposition or before a grand jury; or . . . .*"

Rules of Evidence proposed by Subcommittee on Criminal Justice of House Judiciary Committee 801(d) (1), reprinted in 42 U.S.L.W. 1009, Special Supplement, at 10 (July 17, 1973).

We now reiterate that prior inconsistent statements of a witness at a criminal trial are admissible only for purposes of impeachment and are not admissible as substantive proof of guilt of the defendant.[1]

---

1. We do not have occasion in the context of this case to consider whether the fact that a prior statement was made under oath in a formal proceeding would constitute an exception to this rule.

■ Under this Circuit's established rule, it is obvious that the District Court's failure to advise the jury that Bevins' prior inconsistent statement could be received only for impeachment purposes and not for substantive proof of appellant Lester's crime was plain error affecting substantial rights. Fed. R.Crim.P. 52(b).

In United States v. Lipscomb this court stated:

"We are of the opinion that the failure of the trial judge to limit through cautionary instructions the jury's consideration of these extra-judicial statements to impeachment purposes requires reversal. Although such an instruction was not specifically requested, it has generally been held that failure to give it amounts to plain error where, as here, the government's case is weak and the statement is extremely damaging. Jones v. United States, 128 U.S.App.D.C. 36, 385 F.2d 296 (1967); Newman v. United States, 331 F.2d 968 (8th Cir. 1964); Upham v. United States, 328 F.2d 661 (5th Cir. 1964). Also see Benson v. United States, 402 F.2d 576 (9th Cir. 1968)." United States v. Lipscomb, 425 F.2d 226, 227 (6th Cir. 1970).

■ Our review of this record and the paucity of evidence bearing directly upon whether or not appellant Lester operated the still, convinces us that we cannot properly affirm this conviction on the ground that the error was harmless. See Fed.R.Crim.P. 52(a).[2]

The judgment of the District Court is vacated and the case is remanded to the District Court for new trial.

2. Defendant also contends that his Fifth Amendment rights of confrontation and cross-examination were violated because the government did not recall either Bevins or his wife after the Treasury Agent Caudill testified as to their prior inconsistent statements. This contention is without merit, since the defendant had ample opportunity to cross-examine each of these witnesses after they had testified that they had not

McCREE, Circuit Judge (dissenting).

I respectfully dissent. Because no objection was made to the introduction of the challenged testimony, I find it unnecessary to consider the government's suggestion that our circuit depart from the orthodox rule that prior inconsistent statements of a witness may be used only to discredit a witness' testimony and not as substantive evidence. In my view, the question considered in the majority opinion is not presented in this case.

The record reveals that no objection whatsoever was made to the introduction of this testimony as hearsay. The United States Supreme Court has observed that "when evidence of [hearsay] character is admitted without objection it is to be considered and given its natural probative effect as if it were in law admissible." Diaz v. United States, 223 U.S. 442, 450, 32 S.Ct. 250, 252, 56 L. Ed. 500 (1912). See also Rowland v. St. Louis & S. F. R. R. Co., 244 U.S. 106, 108, 37 S.Ct. 577, 61 L.Ed. 1022 (1917); Opp Cotton Mills v. Administrator, 312 U.S. 126, 155, 61 S.Ct. 524, 85 L.Ed. 624 (1941). See generally 1 Wigmore, Evidence § 18 (3d ed. 1940); C. McCormick, Evidence § 52 (1954). Accordingly, in the absence of any objection, the questioned testimony was competent not only to impeach the declarant who denied having said it, but also to prove the assertions contained therein, and no cautionary instruction was required.

The proper rule to be derived from Lipscomb is this. If testimony of a prior inconsistent statement is admitted to impeach the declarant, upon objection that it is hearsay, the judge, even if not requested, must give a cautionary instruction advising the jury of its re-

made these statements. See Nelson v. O'Neil, 402 U.S. 622, 626, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971). In Nelson the Court also stated that admission of a prior inconsistent out-of-court hearsay statement without cautionary instruction would be reversible error under state law, thus apparently holding the majority rule regarding prior inconsistent statements to be permissible.

**684**

stricted use. It is appropriate to require this action of a trial judge, once there is an objection, because the party objecting has not waived his right that the jury shall not consider the hearsay assertion for its truth. But I believe we should not approve a rule that would require a judge, *sua sponte,* to give a cautionary instruction whenever a prior extra-judicial inconsistent statement inculpating a defendant is proffered in the absence of either an objection to its admission or a request to restrict its use.

Under my view of this case, no error was committed by the trial judge, and, accordingly, I do not reach the question of "harmless error" determined by the majority. I observe, however, that although the majority concludes that the "error" was not harmless, I would determine that there is substantial independent circumstantial evidence indicating that appellant was guilty of the crime charged.