**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Edgar WRIGHT, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Nathaniel STUBBLEFIELD, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Willie Black CRAWFORD, Defendant-Appellant.**

**Nos. 73-1286, 73-1127, 73-1128.**

United States Court of Appeals, Sixth Circuit.

Argued June 13, 1973.

Decided Feb. 13, 1974.

Thomas A. Conroy (court-appointed), Cincinnati, Ohio, on brief, for Nathaniel Stubblefield (No. 73–1127).

James J. Chalfie (court-appointed), Cincinnati, Ohio, on brief, for Willie Black Crawford (No. 73–1128).

William J. Dammarell (court-appointed), Cincinnati, Ohio, on brief, for Charles Edgar Wright (No. 73–1286).

William W. Milligan, U. S. Atty., Byron E. Trapp, Asst. U. S. Atty., Cincinnati, Ohio, on briefs, for United States of America.

Before EDWARDS and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

The defendants-appellants, Charles Edgar Wright, Nathaniel Stubblefield and Willie Black Crawford appeal from their convictions before a jury in the United States District Court for the Southern District of Ohio. The appellants were tried jointly but each one has filed a separate appeal. We will consider all of the appeals in this opinion.

There were four counts in the indictment upon which the appellants were tried and convicted. The first count charges appellant Wright with unlawfully distributing about 38.519 grams of cocaine, a schedule II controlled substance. (Sec. 841(a)(1), Title 21, U.S.C.). Count two charges appellants Stubblefield and Crawford with aiding and abetting Wright in the commission of the offense charged in the first count of the indictment. (Sec. 2(a), Title 18, and Sec. 841(a)(1), Title 21, U.S.C.). Count three charges all of the appellants with unlawfully possessing with intention of distributing about 10,338 grams of cocaine. (Sec. 841(a)(1), Title 21, U.S.C.). The fourth count involves appellant Crawford, only, charging him with carrying a firearm during the commission of a felony against the United States, to wit, aiding and abetting the commission of an offense as charged in count two and possession of cocaine as charged in count three.

Charles Edgar Wright was found guilty under counts one and three of the indictment and sentenced to ten years imprisonment on each count, the sentences to run concurrently. Nathaniel Stubblefield was found guilty under counts two and three of the indictment and sentenced to five years imprisonment on each count, the sentences to run concurrently. Willie Black Crawford was found guilty under counts two, three and four of the indictment and sentenced to five years imprisonment on each of counts two and three and to one year of imprisonment on count four, all of the sentences to run concurrently.

On December 8, 1971, the appellant Wright, according to his testimony, went to the Dennis Tire Company in Cincinnati to buy a tire. Wright was a native of Cincinnati but had recently returned there after spending a couple of years in Cleveland. At the Dennis Tire Store he met Jerry Price, sometimes called Jerry Wright, whom he had known for about eight years. In conversation with Jerry Price, as we will refer to him, the appellant Wright said he was unemployed and needed some money. Price said that there was a lot of money in the narcotics traffic.

This led to some telephone conversations and ultimately to a meeting with Price in his room at the Alms Hotel. At another meeting with Price at the Alms Hotel, the appellant, Wright, was introduced to Donald L. Ashton, a government undercover agent. Ashton took over at this point and after some negotiations between him and appellant Wright a deal was set up for the evening of February 22, 1972, which culminated in the arrest of all three of the appellants.

At about six o'clock in the evening arrangements were completed between Ashton and Wright, by a telephone call to Wright's home, for Wright to deliver a quantity of cocaine to Ashton at the Sharonville Holiday Inn Motel. Wright went by "bootleg taxi" to the Kum Bak Inn where according to his testimony he requested appellant Stubblefield to drive him out to the Motel to see a girl. Wright claimed that his car was impounded and that he didn't have the money to take a taxi. As they were leaving the Inn Stubblefield asked Crawford to accompany them. Wright testified that when he arrived at the Inn he had two sacks containing cocaine which he carried in his outside overcoat pocket.

When they arrived at the Motel Wright left Stubblefield and Crawford in the automobile while he went to meet Ashton in his room. Wright checked to see if Ashton had the money and if everything was "cold". He then went back to the automobile and procured one of the sacks of cocaine which had been left in the automobile. As he was in the process of delivering this cocaine to Ashton he was placed under arrest. At this point Ashton radioed a signal to officers waiting on the outside of the Motel who placed appellants Stubblefield and Crawford under arrest.

 It is claimed on behalf of appellants Wright and Stubblefield that the court erred in refusing to grant their requests to waive a jury. The case was tried on December sixth and both parties cite a headline in the Cincinnati Post of December fourth reading "Drug abuse at epidemic level". In addition to the inflammatory and prejudicial potential of this headline Wright claims that his defense of entrapment which requires the admission of the fact of possession is too technical for the jury to comprehend. He also claims that he was "hooked" by a professional informer and the deal directed by a federal agent and that the informer was not presented at the trial by the prosecutor. (We see no relation between this and the refusal to grant a waiver of jury.) Stubblefield claimed potential prejudice to a jury by

reason of the newspaper headline and the admissions of Wright in his entrapment defense.

Waiver of a jury in a criminal case is governed by Rule 23(a) of the F.R. of Cr.P.

"Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

Both appellants claim that there may be an exception to this rule where the circumstances are such that the parties could not have a fair trial to a jury. Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630. The court held in this case that trial by jury was the Constitutional method for a criminal trial. It inferred that there might be circumstances where the "Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial" p. 37, 85 S.Ct. p. 791. In Adams v. U. S. ex rel. McCann, 317 U.S. 269, 63 S.Ct. 263, 87 L.Ed. 268, cited by counsel for Wright, there was waiver by the defendant and consent of the prosecutor and approval of the court.

Whether the facts and circumstances of a case come within the exception suggested by the court in *Singer*, is in the first instance a matter of discretion with the trial judge. We do not consider that the newspaper headline would per se be so prejudicial as to deny the appellants an impartial trial. Neither do we consider that the defense of entrapment would be so technical that it could not be considered by a jury. It is not unusual for defendants to invoke the defense of entrapment in jury trials. The trial judge did not abuse his discretion in denying the appellants Wright and Stubblefield the right to trial without a jury. We find no merit to the claims that the requests to waive a jury were denied.

 In the brief on behalf of appellant Wright the argument is limited to the question of jury waiver. While no argument is made on the defense of entrapment there is scant evidence in sup-

port of it. The trial judge submitted this defense to the jury under proper instructions and we find no error either in the instructions or the verdict of the jury. In our opinion it is discernible from the evidence that Wright was ready and willing to engage in the illicit drug traffic and that Jerry Price and Ashton merely gave him an opportunity to become involved but did not persuade or induce him to do it. Barring the entrapment defense appellant Wright was obviously guilty under the first and third counts of the indictment.

We come now to a consideration of whether the hearsay testimony of Ashton allegedly quoting Wright with reference to his suppliers was so prejudicial to appellants Stubblefield and Crawford as to require reversal as to them.

█ When Ashton in his testimony first mentioned that he had met appellant Wright, counsel for appellant Crawford objected on the ground that such testimony had no relevance to Crawford. The trial judge then gave an explanation of the exception to the hearsay rule to the effect that if two or more persons joined together to accomplish a common end then each of them was responsible for what each did and said. He qualified this by saying that the exception was only applicable after there was evidence of a combination or concerted action on the part of defendants. Although conspiracy was not charged in the indictment this was a proper instruction relative to joint defendants.

In United States v. Williams, 435 F.2d 642, 645 (C.A. 9), cert. den., 401 U.S. 995, 91 S.Ct. 1241, 28 L.Ed.2d 533 (1971), the court said,

"The admissions and statements of a co-defendant are admissible as against the other even in the absence of a conspiracy count where there is independent evidence of a concert of action."

See also United States v. Rinaldi, 393 F.2d 97, 99 (C.A. 2), cert. den., 393 U.S. 913, 89 S.Ct. 233, 21 L.Ed.2d 198 (1968); Davis v. United States, 409 F.2d 1095, 1100 (C.A. 5); Campbell v. United States, 415 F.2d 356, 357 (C.A.

6); United States v. Jones, 438 F.2d 461, 466 (C.A. 7); United States v. Johnson, 463 F.2d 216, 217 (C.A. 9), cert. den., 409 U.S. 1028, 93 S.Ct. 472, 34 L.Ed.2d 322 (1972); Mares v. United States, 383 F.2d 805, 809 (C.A. 10), affd., 409 F.2d 1083 (C.A. 10), cert. den., 394 U.S. 963, 89 S.Ct. 1314, 22 L.Ed.2d 564 (1969).

██ We have examined the record of the trial and find that there is no independent evidence that Stubblefield and Crawford ever entered into an agreement or arrangement with Wright to sell or distribute cocaine in violation of the law. The only evidence, undisputed, is that Wright stopped at the Kum Bak Inn to get someone with an automobile to take him out to the Sharonville Holiday Inn to see a girl. Stubblefield agreed to do this and he asked Crawford if he wanted to accompany them.

The trial judge correctly ruled that at that point of the trial the evidence should only be considered against the appellant Wright.

Following this as Ashton's story of his relation to Wright unfolded, Ashton testified,

"and he (Wright) stated that his source of supply was going to come with him and stay outside and then he could come in and give me the money, take it back out to the source of supply." Tr. 67.

Counsel for Crawford objected and said he understood he had a continuing objection. The judge agreed and counsel for Stubblefield made a similar objection. In view of the inflammable nature of this alleged admission of Wright, it is our opinion that there should have been a specific ruling and an admonition to the jury.

And again at Tr. 90, Ashton testified,

"he told me that he wouldn't . . . I wouldn't have to give him the money in advance, that he could bring the stuff to me because the source of supply was going to drive him out there, stay outside the motel and that he would come in, give me the cocaine, get the money and take it back out."

This presumably was admitted under counsel's continuing objection and no admonition was given to the jury.

A similar statement was made at Tr. 92,

"I asked him if he had the cocaine, and he said that his people have it downstairs in the car; they are very nervous. He said they are very nervous and they want to get out of here as soon as possible."

Again, no specific objection and no admonition to the jury.

The appellant Wright denied making the statements quoted herein.

Early in his final argument, counsel for the government said,

"And that bothers me about this case, and I suppose I feel sorry for Wright over there, and that is why I put my arm around on him, because for one lie that Wright tells, hopefully, at least Wright hopes, he hopes that his two buddies will go free. Wright is dead and he knows it. He has got no defense. But he hopes by lying he can save his two buddies; for one lie two of his buddies who are a lot more guilty than he is will go free. He hopes that." Tr. 324.

Counsel for the government specifically mentioned appellants Stubblefield and Crawford at p. 327 of the Tr.,

"There is no guy by the name of Joe, unless their names are alias Joe. Stubblefield and Crawford are the sources of supply. Let's use our common sense."

An objection was made and the court ruled,

"That will stand. That is for the jury to pass on the argument. All the court can say is it's sayable."

It is claimed that counsel, in his final argument, made seven references to appellants Stubblefield and Crawford as Wright's source of supply. These were based upon hearsay evidence pertaining to asserted prior statements by Wright which he denied at trial.

In a recent case we have reiterated that this circuit does not admit hearsay evidence of prior inconsistent statements of a declarant as substantive proof of a crime. United States v. Lester, 491 F. 2d 680, decided February 11, 1974. See also United States v. LaRose, 459 F.2d 361 (C.A. 6) (1972); United States v. Lipscomb, 425 F.2d 226 (C.A. 6) (1970); United States v. Classen, 424 F.2d 494 (C.A. 6) (1970); United States v. Crowder, 346 F.2d 1 (C.A. 6) (1965), cert. den., 382 U.S. 909, 86 S.Ct. 249, 15 L.Ed.2d 161; United States v. Barnes, 319 F.2d 290 (C.A. 6) (1963).

In this case we do not have proof (absent the disputed hearsay) of any agency relationship between Wright and Crawford and Stubblefield. Cf. United States v. Talbot, 470 F.2d 158 (C.A. 6) (1972); United States v. Miller, 246 F. 2d 486, 490 (C.A. 2) (1957).

In his instructions to the jury the trial judge said that in their consideration of whether either Stubblefield or Crawford was an aider and abettor they should eliminate from their deliberations any reference to the statements of Ashton quoting Wright as saying that Stubblefield and Crawford were his source of supply. Upon request of counsel, the judge further instructed the jury,

"Just one thing we should have mentioned about hearsay, and these out of presence statements apply as well to Count 3 as Count 2."

These hearsay statements were highly prejudicial and inflammatory. It required the utmost caution on the part of the trial judge to see that the jury understood that the appellants Stubblefield and Crawford could not be bound by them since there was no evidence of any concerted action between them and Wright. What makes the situation more aggravating is that Stubblefield and Crawford logically fit into the pattern of Wright's alleged statements. It is our opinion that these appellants were entitled to have the jury admonished at every point, that they could not consider the statements in question against them. Counsel for the government should have been cautioned against making references to Stubblefield and Crawford as

sources of supply and the jury properly admonished against considering such references.

It is doubtful that appellants Stubblefield and Crawford could have had a fair trial even under the most cautionary instructions concerning the alleged Wright statements. We conclude that the probability of prejudice against these appellants is too great to warrant sustaining their convictions. Consequently the judgments against Stubblefield and Crawford on counts two and three are reversed and their cases remanded to the District Court for further proceedings consistent with this opinion.

We do not decide whether, under the circumstances, omitting the evidence of the hearsay statements involved here, there is sufficient evidence from which a jury can infer guilt of Stubblefield and Crawford. That will be a question for the trial judge in a new trial.

Since count four against Crawford was contingent on his conviction of count two or three, the judgment on that count will be reversed.

We do not reach other claims made by appellants Stubblefield and Crawford.